.EDWARD D. MURPHY et al., Appellants, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Carriers — common-law rule that charges of carrier shall be .reasonable — effect of provisions of statute (Public Service Commissions Law, Cons. Laws, ch. 48) relating to charges of common carriers — effect of ruling of commission that charges were excessive and that shipper was entitled to recover them — such charges cannot be recovered in common-law action on ruling of commission if paid without objection or protest.

1. It is a rule of the common law that a common carrier should charge, in a particular case, a reasonable compensation for the carriage or service rendered. ˙ It also authorizes an action at law by the injured shipper or consignee to recover moneys paid, under protest or duress of goods, as exorbitant or unreasonable charges. The right to recover the moneys may, however, under the laws of this state be waived by a voluntary payment.

2. The requirements of the Public Service Commissions Law (Cons. Laws, ch. 48, §§ 26, 28, 29, 40, 48, 49 and 57) are merely declaratory of the common law and mandatory that a rate or charge fixed by law or by the commission shall not be exceeded, and authorize the commission, upon a complaint, to investigate any illegal act done or omitted to be done and require the carrier complained of to satisfy the cause of complaint in whole or to the extent which the commission may require, but the commission may nòt, as the result of an investigation, fix, by a finding, or a resolution or an order, to be proof in the courts of the ultimate fact to be determined, that a complainant is entitled to recover from the carrier a designated sum for and on account of exaction by the carrier of unjust and unreasonable charges.

3. A determination of the public service commission at a particular time that a rate is unreasonable and the fixing of a reasonable rate is not a determination that the destroyed rate has been unreasonable throughout its existence or for any certain part of its existence or that its excess above the reasonable rate can be measured for any certain time by the difference between the two rates or is it the true measure of the damages sustained by the exaction.

4. Where track storage charges for cars conveying intrastate shipments, delivered to plaintiffs made by defendant railroad company, pursuant to and in accordance with schedules filed by it with the public service commission, were paid by plaintiffs and thereafter

plaintiffs filed with the public service commission a complaint that the charges were unjust and unreasonable and the commission, after a hearing, adopted a resolution to the effect that the plaintiffs were entitled to recover from the defendant the charges upon the ground that they were unreasonable and unjust exactions, and the defendant refused to pay such charges, the plaintiffs cannot recover them in an action where neither any allegation nor finding discloses any objection or protest against the charges, other than the complaint filed with the public service commission.

*Murphy* v. *N. Y. C. R. R. Co.*, 170 App. Div. 788, affirmed.

(Submitted December 10, 1918; decided February 25, 1919.)

APPEAL from a judgment, entered January 15, 1916, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiffs entered upon a decision of the court at a Trial Term without a jury and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Herman Hoffman* and *Wallace S. Fraser* for appellants. While the Public Service Commissions Law does not expressly compel or authorize reparation by enforcement of its order by execution or other judicial process, the courts of the state, having jurisdiction of the amounts in controversy, will adopt the findings of the commission as *prima facie* evidence of the facts, and award reparation by judgment for damages, unless, of course, the commission has exceeded its powers in making its determination. (*People ex rel. N. Y. & Q. Gas Co.* v. *McCall,* 219 N. Y. 84; *State* v. *Great Northern Railway,* 153 N. W. Rep. 247; *N. Y. Central & H. R. R. R. Co.* v. *Murphy,* 225 Fed. Rep. 407; *Wilson* v. *L. I. R. R. Co.,* N. Y. L. J. June 29, 1917.) The resolution of the public service commission is *res adjudicata* against the defendant. (*People ex rel. McCabe* v. *Matthies,* 179 N. Y. 250; *People ex rel. Laughlin* v. *R. R. Comrs.,* 158 N. Y. 428; *People* v.

*N. Y., L. E. & W. R. R. Co.,* 104 N. Y. 58.) Where the commission awards reparation which the carrier refuses or neglects to pay, its findings may properly be enforced in the state courts in the same manner as the procedure of the Interstate Commerce Act in the Federal courts. (*Fisher* v. *N. Y. C. & H. R. R. R. Co.,* 46 N. Y. 644; *Root* v. *L. I. R. R. Co.,* 114 N. Y. 300; *Lough* v. *Outerbridge,* 143 N. Y. 271; *Texas & P. R. Co.* v. *Abilene Cotton Oil Co.,* 204 U. S. 426; *Baxendale* v. *Gt. Western Ry. Co.,* 16 C. B. N. S. 137; *Gt. Western Ry.* v. *Sutton,* L. R. 4 H. L. 226; *People ex rel. Hatzel* v. *Hall,* 8 N. Y. 127.)

*Alexander S. Lyman* and *William Mann* for respondent. The Appellate Division correctly held that the public service commission has no power to make a binding adjudication directing the carrier to refund to the consignee of property all or any part of the charges collected by the carrier pursuant to the provisions of its filed tariffs. (Cons. Laws, ch. 48, § 28; *Armour Packing Co.* v. *U. S.,* 209 U. S. 56; *Texas & Pacific R. R. Co.* v. *Abilene Cotton Oil Co.,* 204 U. S. 426; *Texas & Pacific R. R. Co.* v. *Mugg,* 202 U. S. 242; *B. & O.* v. *La Due,* 128 App. Div. 594; *N. Y. C. & H. R. R. R. Co.* v. *Smith,* 62 Misc. Rep. 526; *Lehigh Valley R. R. Co.* v. *Meeker,* 236 U. S. 412; *Lehigh Valley R. R. Co.* v. *American Hay Assn.,* 219 Fed. Rep. 539.)

COLLIN, J. The plaintiffs seek to recover moneys charged by and paid the defendant for the use of track space occupied by freight cars, consigned to them, beyond a certain fixed or " free " time for unloading, known as " track storage " charges. The cars were all intrastate shipments, and were delivered to the plaintiffs between November first, 1907, and May twentieth, 1910. The charges were paid as follows: Twelve dollars on December seventeenth, 1907; twenty dollars on

July twenty-seventh, 1908; fifty-eight dollars on December twenty-ninth, 1909; thirty-eight dollars on November eleventh, 1910, and fifty dollars on June fourteenth, 1911. They were made pursuant to and in accordance with the schedules of tariffs and rules filed with the public service commission of the state prior to November first, 1907, and existing at the time they were paid. In or about the month of May, 1911, the plaintiffs filed with the public service commission a complaint that the charges were unjust and unreasonable. The commission, after a hearing, adopted, December 5, 1912, a resolution of the effect that the plaintiffs were entitled to recover from the defendant the charges upon the ground that they were unjust and unreasonable exactions. Neither allegation nor finding discloses any objection or protest against the charges, other than the complaint filed with the public service commission. The defendant did not attempt to obtain a review of the resolution. It refused to repay the charges, and for their recovery this action is brought. Such are, in effect, the facts proved by the stipulation of the parties and found by the trial court. The Appellate Division rightly reversed the judgment of the trial court and dismissed the complaint.

A rule of the common law is that a common carrier should charge, in each particular case, a reasonable compensation for the carriage or service rendered, and no more. It sprung from the fact that the property of the carrier has been devoted to a public use. The common law authorizes an action at law by the injured shipper or consignee to recover moneys paid, under protest or duress of goods, as exorbitant or unreasonable charges. The right to recover the moneys may, however, under the law of this state, differing in such respect from that of many other jurisdictions, be waived by the voluntary payment of them. (*Killmer* v. *New York Central & H. R. R. R. Co.*, 100 N. Y. 395; *Strough* v. *New York*

*Central & H. R. R. R. Co.,* 92 App. Div. 584, affirmed, 181 N. Y. 533; *Harmony* v. *Bingham,* 12 N. Y. 99; *Lough* v. *Outerbridge,* 143 N. Y. 271.) Under the pleadings and proof the plaintiffs here are, manifestly, not entitled at common law to a recovery. Thus much is, in effect, conceded in the briefs of counsel.

The action is grounded in, and is sought to be maintained in virtue of, provisions of the Public Service Commissions Law (Cons. Laws, chapter 48). It is of course true that the state has the right, through the public service commission lawfully vested by it with authority, to prescribe what shall be reasonable charges of common carriers for intrastate transportation and services throughout the territory, unless restricted by the constitutional power of Congress. The Federal Act to Regulate Commerce contemplated no interference therewith. (*Minnesota Rate Cases,* 230 U. S. 352.) The action at bar asserts the doctrine that the public service commission is empowered to determine that a rate or charge for intrastate transportation duly scheduled and filed with it has been, through a period of years during which it has been filed and paid, and is, unreasonable and unjust, that the payor is entitled to recover from the carrier the excess fixed by the commission beyond the reasonable charge, and that the determination of the commission is *prima facie* proof in the courts of the state of the facts determined. We cannot discern in the statute such legislative intent.

The Public Service Commissions Law directs that every common carrier shall file, print and keep open to public inspection schedules showing rates for transportation by it within the state and, separately, all terminal charges, storage charges, icing charges, and all other charges which the commission may require to be stated, which the commission may, in its discretion, and the carrier may, under certain conditions and requirements,

from time to time change. (Sections 28, 29.) Compliance by the carrier with the provisions of these sections does not tend to establish that the scheduled rates or charges are reasonable. (*People ex rel. New York Central & H. R. R. R. Co.* v. *Public Service Comm.,* 215 N. Y. 241.) All the parties interested, the shipper, the consignee and the carrier, are bound to possess a knowledge of and to act in conformity with the scheduled rates and charges. (Sections 33, 34; *Pennsylvania Railroad Co.* v. *Titus,* 216 N. Y. 17.) The statute directs that all charges by the carrier for transportation or service " shall be just and reasonable and not more than allowed by law or by order of the commission having jurisdiction and made as authorized by this chapter." (Section 26.) Such provision is (a) merely declaratory of the common law, and (b) mandatory that a rate or charge fixed by a law or an order of the commission should not be exceeded. It, equally with the common law, fails to support the instant action. The statute authorizes the commission under a complaint and prescribed procedure to investigate as to any illegal act or thing done or illegally omitted to be done by any common carrier subject to its supervision. If the carrier " shall make reparation for any injury alleged and shall cease to commit, or to permit, the violation of law, franchise or order charged in the complaint, and shall notify the commission of that fact before the time allowed for answer, the commission need take no further action upon the charges. If, however, the charges contained in such petition be not thus satisfied, and it shall appear to the commission that there are reasonable grounds therefor, it shall investigate such charges in such manner and by such means as it shall deem proper, and take such action within its powers as the facts justify," and it shall make and file an order either dismissing the complaint or directing the carrier to satisfy the cause of complaint

in whole or to the extent which the commission may specify and require. (Section 48.) Section 49 ·treats of " rates and service to be fixed by the commission." It is exceedingly detailed and comprehensive and neither admits of nor requires a full statement here. ·Its present relevancy consists of its empowerment of the commission to fix by order the just and reasonable rates and charges to be thereafter observed by the carrier. The appellants assert that the enactments referred to by us within sections 48 and 49 authorized the commission to determine and to order that the plaintiffs were entitled to recover from the respondent the designated sums with interest, and that the· determination or order, although not self-executing, was, in the courts of the state, an adequate basis for a judgment awarding the plaintiffs reparation in that sum. In connection with them the appellants direct our attention to section 40 providing that a carrier shall be liable in any court of competent jurisdiction to the persons or corporations injured by its acts or omissions which are illegal under the law of the state or an order. of the commission. It is manifest that section 40 is of a general application and relates to the right of action it defines, with the intention that the right shall be enforced in accordance with the ordinary rules of procedure and evidence obtaining in the courts.

We return to sections 48 and 49. The enactments within them, relevant here,· are those providing for a complaint against the carrier and if it shall appear to the commission that there are reasonable grounds for the charges in the complaint, " it shall investigate such charges in such manner ˙and by such means as it shall deem proper, and take such action within its powers as the facts justify. 3. Whenever either commission shall investigate any matter complained of by any person or corporation aggrieved by any act or omission of a common carrier, railroad corporation or street railroad

corporation under this section it shall be its duty to make and file an order either dismissing the petition or complaint or directing the common carrier, railroad corporation or street railroad corporation complained of to satisfy the cause of complaint in whole or to the extent which the commission may specify and require." (Section 48.)   There is not a basis or support for the assertion and arguments of the appellants, in the provision that the commission shall investigate and " take such action within its powers as the facts justify."   The provision relates to the authority to investigate and the conducting of the investigation.   It authorizes the commission to employ in the investigation all the general powers relating to mandates and process given it by the statute, which the facts justify.   (*Willcox* v. *Richmond Light & R. R. Co.,* 142 App. Div. 44; affirmed, 202 N. Y. 515.)   This is clearly shown by subdivision 3 which provides and defines the only adjudication, determination or order which the commission can make as the outcome or result of the investigation, in enacting that it, the investigation being completed, shall make and file an order dismissing the complaint or directing the carrier to satisfy the cause of complaint in whole or to the extent which the commission may specify and require.   We conclude that the legislature did not intend in and by the provisions of section 48 that the commission might, as the result of an investigation, fix by a finding or a resolution or an order, to be proof in the courts of the ultimate fact determined, that the complainant was entitled to recover from the carrier a designated sum for and on account of exaction by the carrier of unjust and unreasonable charges.   There is not any language in the section which suggests, and much less justifies, the opposite conclusion.   Interpretation must be limited to the words used by the legislature.   Otherwise it is sheer judicial legislation.   Manifestly the language of the

subdivision 3 which we have quoted contemplated an order, involving obedience on the part of the carrier, enforcible by the commission in virtue of and in accordance with section 57, and efficient, through fulfillment, to satisfy, as ordered, the cause of the complaint.    There is not within it a reasonable basis for the decision that the legislature was destroying an established rule of evidence and creating as a substitute the new rule that an order made pursuant to it should be *prima facie* evidence in the courts of the liability of the carrier.    We need not make a reference to section 49 other than that already made, because it is evident that the resolution of the commission of December 5, 1912, was not within its power to determine the just and reasonable rates, fares or charges to be thereafter observed by the carrier, or other power conferred by the section.    We do not find in the statute authorization to the commission to adopt the resolution or determination and it was and is inoperative as an adjudication.

The appellants argue that the authority to determine that an existing rate or charge is unjust and unreasonable and to fix the just and reasonable rate or charge includes, necessarily, the power to determine the measure of the excess paid, and, therefore, they argue, the commission can, through implied power, award reparation even as the interstate commerce commission can under the Federal act, which not only grants that commission the authority to determine that an existing rate or charge is unjust and unreasonable and to fix the just and reasonable rate or charge to be thereafter observed in such case as the maximum to be charged (Act to Regulate Commerce, section 15), but, in addition, expressly provides that upon a complaint for the recovery of damages because of unreasonable charges filed within two years from their accrument the commission shall investigate and make a report in writing containing findings of fact

with its recommendation as to what reparation, if any, should be made by the common carrier to any party or parties who may be found to have been injured; and such findings so made shall thereafter, in all judicial proceedings, be deemed *prima facie* evidence as to each and every fact found; and if it determine that any party complainant is entitled to an award of damages under the provisions of the act for a violation thereof, it shall make an order directing the carrier to pay to the complainant the sum to which he is entitled on or before a day named.  If a carrier does not comply with an order for the payment of money within the time limit in such order, the complainant may, within one year from the date of the order, institute suit in the Federal court by a petition setting forth briefly the causes for which he claims damages, and the order of the commission in the premises.  Such suit shall proceed in all respects like other civil suits for damages, except that on the trial of it the findings and order of the commission shall be *prima facie* evidence of the facts therein stated.  (Id. sections 13, 14, 15, 16.)  The appellants further argue that the award of reparation so made is a binding adjudication upon the parties.  The argument of appellants is in its very beginning unsound.  The determination, at a particular time, that a rate is unreasonable, and the fixing of a reasonable rate are not a determination that the destroyed rate has been unreasonable throughout its existence or for any certain part of its existence or that its excess above the reasonable rate can be measured for any certain time by the difference between the two rates or is the true measure of the damages sustained by the exaction.  (*Municipal Gas Company of the City of Albany* v. *Public Service Commission*, 225 N. Y. 89; *Baer Brothers Mercantile Co.* v. *Denver & R. G. R. R.*, 233 U. S. 479; *People ex rel. New York Central & H. R. R. R. Co.* v. *Public Service Commission*, 215 N. Y.

241; *Atchison, T. & S. F. Ry. Co.* v. *Spiller*, 246 Fed. Rep. 1.)

The Federal law prohibits every unjust and unreasonable rate or charge. (Section 1.) It provides that a common carrier shall be liable to the person or persons injured for the full amount of damages sustained in consequence of its unlawful or forbidden act. It empowers the interstate commerce commission to determine that an existing rate or charge is unjust and to fix a just and reasonable charge. To empower it, however, to determine the sum of the damages resulting to a complainant from the unjust charge and constitute its findings and order of determination *prima facie* evidence of the facts at issue in the courts, express enactments to such effect, which are wholly lacking in the Public Service Commissions Law, were deemed and were essential. (*Lehigh Valley R. Co.* v. *Clark*, 207 Fed. Rep. 717; *Lehigh Valley R. Co.* v. *Meeker*, 211 Fed. Rep. 785.) The legislature of this state apparently placed in section 48 the provision: " If the person or corporation complained of shall make reparation for any injury alleged and shall cease to commit, or to permit, the violation of law, franchise or order charged in the complaint, and shall notify the commission of that fact before the time allowed for answer, the commission need take no further action upon the charges," from the provision in section 13 of the Federal act: " If such common carrier, within the time specified, shall make reparation for the injury alleged to have been done, said carrier shall be relieved of liability to the complainant only for the particular violation of law thus complained of;" but did not carry into the statute the enactments of the Federal act, in virtue of which the created commission received and possessed the authority to determine through evidence and declare through findings the damages a complainant had sustained by reason of a rate or charge found to be unjust

or unreasonable, and in virtue of which those findings are in the courts *prima facie* evidence of the facts found.

The question as to whether or not a party claiming to have been injured by a rate or charge declared unreasonable by the public service commission may, after such declaration, maintain an action at common law to recover his damages is not presented or argued to nor considered by us. It is of course true that scheduled and filed rates, existing at any time, cannot be attacked in a common-law action. This, obviously, is necessary in order to preserve equality and uniformity in rates and the carrying out of the system intended and established by the Public Service Commissions Law. (*Texas & Pacific Ry. Co.* v. *Abilene Cotton Oil Co.*, 204 U. S. 426; *Robinson* v. *Baltimore & Ohio R. R. Co.*, 222 U. S. 506.)

The judgment should be affirmed, with costs.

CHASE, J. (dissenting). Between November 1, 1907, and May 20, 1910, the plaintiffs received from the defendant within the city of New York consignments of freight from points within this state. They paid "demurrage" and "track storage" charges in connection therewith. The defendant had duly filed with the public service commission and published its schedules of rates, fares and charges as provided by the Public Service Commissions Law (Consolidated Laws, chapter 48). During the time mentioned the defendant's schedules so filed and published provided: "For the first 48 hours after car is placed on delivery track (time to be computed from first 7:00 A. M. after car is placed) no charge will be made. For the next succeeding two days the charge will be $1.00 per car per day or fraction thereof. For the next two days the charge will be $2.00 per car per day or fraction thereof. For the next two days the charge will be $3.00 per car per day or fraction thereof. For each succeeding day the charge will be $4.00 per

car per day or fraction thereof. Sundays and legal holidays are excepted." The charge therein provided is known as " track storage " charge and was in force when the plaintiffs received their freight.

Said schedules also provided: " Sundays and legal holidays excepted for the first 48 hours after car is placed on team track for delivery (time to be computed from the first 7:00 A. M. after car is placed) no charge will be made. For the next succeeding two days the charge will be $1.00 per car per day or fraction thereof. For each succeeding day the charge will be $2.00 per car per day or fraction thereof." The charge therein provided is known as " demurrage." Said schedules also provided for a refund of demurrage " When the condition of the weather during the prescribed free time is such as to make it impossible to employ men or teams in unloading cars without serious injury to freight. When shipments are frozen so as to prevent unloading during the prescribed free time, or when because of high water or snow drifts it is impossible to get to cars for unloading during the prescribed free time." The schedules did not contain any similar provision for refunding track storage charges.

During the time mentioned the plaintiffs paid demurrage and $187 for track storage when as claimed by them the weather conditions made it impossible to unload the cars so held within the prescribed free time. They made application to the defendant to refund both the demurrage and track storage charges so paid. The defendant refunded the demurrage but refused to refund the track storage charges. The plaintiffs then filed a complaint with the public service commission claiming unlawful exaction of track storage charges and asked that its claim be determined and that the defendant be directed to repay to them said charges. The defendant served an answer to the complaint and proceedings were had

before said commission which resulted in an order in substance that the plaintiffs are entitled to recover from the defendant the amount of track storage charges paid for the same time for which the plaintiffs have had returned to them by the defendant demurrage charges on account of weather conditions, as stated in the schedules.

No appeal or proceeding to review the proceeding before the commission has ever been taken. The trial court found as a conclusion of law that the order of the commission " is in effect a finding of an unjust discrimination against the plaintiffs and until reversed or annulled it is binding upon the defendant in this action." On the complaint of the plaintiffs and others the public service commissions of this state and the interstate commerce commission directed that the defendant make the regulation about repaying demurrage at times of interference in unloading cars through weather conditions that we have quoted applicable to track storage charges. The schedules of the defendant were changed accordingly August 1, 1911. (*N. Y. C. & H. R. R. R. Co.* v. *Murphy*, 224 Fed. Rep. 407.)

" All charges made or demanded by any such corporation, (one engaged in the transportation of passengers, or property from one point to another within the state of New York) * * * for the transportation of passengers or property or for any service rendered or to be rendered in connection therewith, as defined in section two of this chapter, shall be just and reasonable and not more than allowed by law or by order of the commission having jurisdiction and made as authorized by this chapter. Every unjust or unreasonable charge made or demanded for any such service or transportation of passengers or property or in connection therewith or in excess of that allowed by law or by order of the commission is prohibited." (Public Service Commissions Law, § 26.)

36

" In case a common carrier shall do, cause to be done or permit to be done any act, matter or thing prohibited, forbidden or declared to be unlawful, or shall omit to do any act, matter or thing required to be done, either by any law of the state of New York, by this chapter or by an order of the commission, such common carrier shall be liable to the persons or corporations affected thereby for all loss, damage or injury caused thereby or resulting therefrom * * *." (Public Service Commissions Law, § 40.) If the charge for track storage was unjust and unreasonable it was prohibited and the defendant is liable to the plaintiffs therefor. If unjust and unreasonable, provision at least should have been made in the schedules for its repayment the same as for repayment of demurrage. The complaint in this action expressly alleges that the track storage charges of the defendant, when by reason of weather conditions the freight in the cars could not be removed, were " unjust, unreasonable, unlawful and arbitrary." This allegation of the complaint was denied by the answer.

If the court had determined the issues thus joined in favor of the plaintiffs without considering the allegations in the pleadings and in the stipulation relating to the proceeding before the public service commission, such determination and the order in connection therewith would be sustained by the acts of the defendant and its discrimination between demurrage and track storage charges under the same conditions. In view of all the findings of the court the judgment rendered herein may not be wholly dependent upon the jurisdiction of the public service commission to make the order that we have mentioned. The respondent, however, urges that the judgment is wholly dependent upon the jurisdiction of the public service commission to make the conclusion of law quoted. It urges that the public service commis-

sion has no power to determine as between the parties hereto the question whether charges theretofore made for track storage, when weather conditions prevented unloading the freight from the cars, are unjust and unreasonable.

The statute provides: " Each commission shall have the general supervision of all common carriers, railroads, street railroads, railroad corporations and street railroad corporations within its jurisdiction as hereinbefore defined, and shall have power to and shall examine the same and keep informed as to their general condition * * *; also with respect to their compliance with all provisions of law, orders of the commission and charter requirements." (Public Service Commissions Law, sec. 45, subd. 2.)

It is also provided in the statute that " Each commission shall possess the powers and duties hereinafter specified, and also all powers necessary or proper to enable it to carry out the purposes of this chapter." (Public Service Commissions Law, § 4.)

" Whenever either commission shall be of opinion, after a hearing had upon its own motion or upon a complaint, that the rates, fares or charges demanded, exacted, charged or collected by any common carrier, railroad corporation * * * affecting such rates are unjust, unreasonable, unjustly discriminatory or unduly preferential, or in any wise in violation of any provision of law, * * * the commission * * * shall determine the just and reasonable rates, fares, and charges to be thereafter observed and enforced as the maximum to be charged for the service to be performed * * * and shall fix the same by order to be served upon all common carriers * * * by whom such rates, fares and charges are thereafter to be observed." (Public Service Commissions Law, § 49.)

" Complaints may be made to the proper commission

by any person or corporation aggrieved, by petition or complaint in writing setting forth any thing or act done or omitted to be done by any common carrier * * * in violation, or *claimed to be in violation, of any provision of law* or of the terms and conditions of its franchise or charter or of any order of the commission. Upon the presentation of such a complaint the commission shall cause a copy thereof to be forwarded to the person or corporation complained of, which may be accompanied by an order, directed to such person or corporation, requiring that the matters complained of be satisfied, or that the charges be answered in writing within a time to be specified by the commission. If the person or corporation complained of shall make *reparation for any injury alleged* and shall cease to commit, or to permit, the violation of law, franchise or order charged in the complaint, and shall notify the commission of that fact before the time allowed for answer, the commission need take no further action upon the charges. If, however, the charges contained in such petition be not thus satisfied, and it shall appear to the commission that there are reasonable grounds therefor, it shall investigate such charges in such manner and by such means as it shall deem proper, and take such action within its powers as the facts justify." (§ 48, subd. 2.)

" Whenever either commission shall investigate any matter complained of by any person or corporation aggrieved by any act or omission of a common carrier, * * * under this section it shall be its duty to make and file an order either dismissing the petition or complaint or directing the common carrier · * * * complained of to satisfy the cause of complaint in whole or to the extent which the commission may specify and require." (§ 48, subd. 3.)

It is apparent from the general character of the provisions of the Public Service Commissions Law that it

was the purpose and intent of the legislature to give to the public service commissions full and complete authority to determine as between common carriers and shippers whether the freight rates and charges as stated in the schedules are just and reasonable. While the commissions are not given power to *enforce reparation* for an injury, they are given power to receive complaints for an " act done " by a common carrier in violation of the provision of the statute requiring in substance that its freight rates and charges shall be reasonable, and in case on notice *reparation for injury* is not made and such common carrier does not cease to violate the law then to investigate the charges and take such action within its power as the facts justify. The action within its power in this case was to determine whether the charges exacted *were just and reasonable.* It is left to the courts to enforce a liability on the part of common carriers to shippers through the collection of unreasonable freight rates and charges. So far as appears the schedules filed by the defendant were never formally adopted and approved by the public service commissions. They included charges for demurrage and track storage as we have hereinbefore stated.

When the matter was brought to the attention of the commission and after a hearing as provided by statute, the order was made which was in effect a finding that such charges so far as they are for days when the weather conditions made it impossible or impractical to unload the cars were unjust and unreasonable. The statute contemplates past as well as future charges, otherwise it would not have made the discontinuance of a proceeding before it dependent in any respect upon the reparation of an injury caused by exacting unjust and unreasonable charges. The admitted facts in this case tend to establish that the charges for track storage were unjust and unreasonable and it was admitted that the

public service commissions on hearing duly had, determined not only that the charges were unjust and unreasonable but that the defendant should repay such unjust and unreasonable charges to the plaintiffs.

The judgment of the Trial Term is supported by the findings on which it is based. The judgment of the Appellate Division should be reversed, with costs in the Appellate Division and in this court, and the judgment of the Trial Term affirmed.

HISCOCK, Ch. J., CARDOZO and ANDREWS, JJ., concur with COLLIN, J.; CUDDEBACK and POUND, JJ., concur with CHASE, J.

Judgment affirmed.