JOSEPH M. PURCELL, Appellant, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

(Argued June 10, 1935; decided July 11, 1935.)

*Arthur H. Vinett, Irving I. Goldsmith* and *John A. Slade* for appellant. The complaint states a good cause of action. (*Great Northern Ry. Co.* v. *Sunburst Co.*, 287 U. S. 358; *Piper* v. *Hoard*, 107 N. Y. 73; *People* v. *Budd*, 117 N. Y. 1; *Fisher* v. *N. Y. C. & H. R. R. R. Co.*, 46 N. Y. 644; *Lough* v. *Outerbridge*, 143 N. Y. 271; *Murphy* v. *N. Y. C. R. R. Co.*, 225 N. Y. 548; *Oppenheim* v. *Kridel*, 236 N. Y. 156; *Davidson* v. *Madison Corp.*, 231 App. Div. 421; 257 N. Y. 120; *Goetschius* v. *Brightman*, 245 N. Y. 186; *Matter of Lawrence* v. *Village of Mamaroneck*, 263 N. Y. 455; *Cleveland* v. *Town of Lancaster*, 239 App. Div. 263; 264 N. Y. 568; *Barnet* v. *N. Y. C. & H. R. R. R. Co.*, 222 N. Y. 195; *Conklin* v. *Canadian-Colonial Airways, Inc.*, 266 N. Y. 244; *People ex rel. D. & H. Co.* v. *Stevens*, 197 N. Y. 1; *People ex rel. N. Y. Edison Co.* v. *Willcox*, 207 N. Y. 86; *Matter of Staten Island Edison Corp.* v. *P. S. Comm.*, 263 N. Y. 209; *Matter of City of New York* v. *Prendergast*, 202 App. Div. 308.) Where the question is one of unreasonable rates, initial determination by the Public Service Commission of such unreasonableness is a necessary condition precedent to the commencement of an action at law to recover the overcharge. (*Texas & Pacific Ry. Co.* v. *Abilene Oil Co.*, 204 U. S. 426; *Robinson* v. *B. & O. R. R. Co.*, 222 U. S. 506; *Murphy* v. *N. Y. C. R. R. Co.*, 225 N. Y. 548; *B. & O. R. R. Co.* v. *LaDue*, 128 App. Div. 594; *Metzger* v. *New York State Rys.*, 168 App. Div. 187; *Murray* v. *New York Tel. Co.*, 170 App. Div. 17; 226 N. Y. 590; *City of New York* v. *New York Edison Co.*, 196 App. Div. 644; *Erie R. R. Co.* v. *Kieser & Son Co.*, 216 App. Div. 500; *Hunter*,

*Inc.*, v. *N. Y., N. H. & H. R. R. Co.*, 97 Misc. Rep. 26; 179 App. Div. 52.) In the absence of a definite statutory procedure for the fixing and enforcement of reparation, the common law action survives. Jurisdiction may not be defeated or taken away by implication. Jurisdiction was not taken from the courts, but preliminary jurisdiction was in the first instance granted to the Public Service Commission to decide solely whether or not the rate was unreasonable. (*Murray* v. *New York Tel. Co.*, 170 App. Div. 17; 226 N. Y. 590; *Metzger* v. *New York State Rys.*, 168 App. Div. 187; *City of New York* v. *New York Edison Co.*, 196 App. Div. 644; *Hunter, Inc.*, v. *N. Y., N. H. & H. R. R. Co.*, 97 Misc. Rep. 26; 179 App. Div. 52; *Meeker* v. *Lehigh Valley R. R. Co.*, 236 U. S. 412; *Oppenheim* v. *Kridel*, 236 N. Y. 156; *New York Life Ins. Co.* v. *Guttag Corp.*, 265 N. Y. 292; *Louisville & N. R. Co.* v. *Sloss-Sheffield S. & I. Co.*, 295 Fed. Rep. 53; *Murphy* v. *N. Y. C. R. R. Co.*, 225 N. Y. 548; *Ives* v. *South Buffalo Ry. Co.*, 201 N. Y. 271; *Matter of Grandview Dairy, Inc.*, v. *Baldwin*, 239 App. Div. 640; *Al Raschid* v. *News Syndicate Co.*, 265 N. Y. 1.)

*Charles E. Nichols* for respondent. The common law cause of action for the recovery of unreasonable charges collected by a carrier has been abrogated and supplanted by the provisions of the statute known as the Public Service Law (Cons. Laws, ch. 48). (*Murphy* v. *N. Y. C. R. R. Co.*, 225 N. Y. 548; *People ex rel. City of New York* v. *Nixon*, 229 N. Y. 356; *Matter of Dry Dock R. R. Co.*, 254 N. Y. 305; *P. R. R. Co.* v. *International Coal Co.*, 230 U. S. 184; *Texas & Pacific Ry. Co.* v. *Abilene Cotton Oil Co.*, 204 U. S. 426; *Robinson* v. *B. & O. R. R. Co.*, 222 U. S. 506; *Gurney Heater Co.* v. *N. Y., N. H. & H. R. R. Co.*, 264 Mass. 427; *St. Paul Book & Stationery Co.* v. *St. Paul Gas Light Co.*, 130 Minn. 71; *B. & O. R. R. Co.* v. *Pitcairn Coal Co.*, 215 U. S. 481; *B. & O. R. R. Co.* v. *La Due*, 128 App. Div. 594; *P. R. R. Co.* v. *Titus*, 216 N. Y. 17; *Texas & Pacific Ry.* v. *Mugg*, 202 U. S. 242; *N. Y. C.*

& H. R. R. R. Co. v. Shelmidine, 91 Misc. Rep. 226; Onondaga G. & C. Club v. Railroad Co., 96 Misc. Rep. 213; N. Y. C. & H. R. R. R. Co. v. Smith, 62 Misc. Rep. 526; People ex rel. New York Steam Co. v. Straus, 186 App. Div. 787; 226 N. Y. 704.) The common law cause of action thus abrogated is not revived by the act of the Public Service Commission in declaring the filed tariff unreasonable and fixing a new rate for the future. (Murphy v. N. Y. C. R. R. Co., 170 App. Div. 788; 225 N. Y. 548; B. & O. R. R. Co. v. La Due, 128 App. Div. 594; P. R. R. Co. v. Titus, 216 N. Y. 17; Texas & Pacific Ry. v. Mugg, 202 U. S. 242; P. R. R. Co. v. International Coal Mining Co., 230 U. S. 184; Loomis v. Lehigh Valley R. R. Co., 208 N. Y. 312; Texas & Pacific Ry. Co. v. Abilene Cotton Oil Co., 204 U. S. 426; Gurney Heater Co. v. N. Y., N. H. & H. R. R. Co., 264 Mass. 427.)

CRANE, Ch. J.   A brief reference to some of the provisions of the Public Service Law (Cons. Laws, ch. 48) may be necessary to emphasize the point which the appellant makes on this appeal,

All charges made by the common carrier for the transportation of property shall be just and reasonable and not more than allowed by law or by order of the Public Service Commission (§ 26).

Every such carrier shall file with the Commission schedules showing the rates and charges for the transportation of property within the State. The form of every such schedule shall be prescribed by the Commission and shall conform in the case of railroad corporations as nearly as may be to that required by the Interstate Commerce Commission (§ 28).

Upon complaint the Commission may suspend the filed rate until it has an opportunity after a full hearing to determine its reasonableness and it may establish temporary rates in the meantime (§ 29).

No common carrier shall do business until its schedules of rates shall have been filed and published in accordance

with the provisions of the law. " No common carrier shall charge, demand, collect or receive a greater or less or different compensation for transportation of passengers or property, or for any service in connection therewith, than the rates, fares and charges applicable to such transportation as specified in its schedules filed and in effect at the time; nor shall any such carrier refund or remit in any manner or by any device any portion of the rates, fares, or charges so specified, nor extend to any shipper or person any privileges or facilities in the transportation of passengers or property except such as are regularly and uniformly extended to all persons and corporations under like circumstances " (§ 33, subd. 1).

Discriminations are prohibited by section 35.

Upon a complaint that the rates as filed are unjust or unreasonable, the Commission shall determine the just and reasonable rates " to be *thereafter* observed and in force   *   *   *   and shall fix the same by order to be served upon all common carriers, railroad corporations or street railroad corporations by whom such rates, fares and charges are *thereafter* to be observed " (§ 49).

The penalties exacted for violation of any of these provisions as well as the crime committed by any agent or officer who participates in the violation are part of the enactment contained in section 56.

The Commission is authorized to establish reasonable rates if those in force and effect are found to be unreasonable. (Laws of 1920, ch. 541; Laws of 1921, ch. 134, § 30.)

The purpose of the Public Service Law (then Public Service Commissions Law), as adopted in 1907 (Ch. 429), and amended thereafter, was to provide uniform rates for all shippers under like circumstances and to forbid discriminations. A uniform reasonable rate was to be the basis for all charges in railroad transportation. " The means by which these great purposes were to be accomplished was the placing upon all carriers

the positive duty to establish schedules of reasonable rates which should have a uniform application to all and which should not be departed from so long as the established schedule remained unaltered in the manner provided by law." (*Texas & Pacific Ry. Co.* v. *Abilene Cotton Oil Co.*, 204 U. S. 426, p. 439.)

At common law a carrier who demands payment of an unreasonable sum from a shipper is liable to an action to recover the overcharge. The question arising upon this appeal is whether the Public Service Law has substituted the remedies therein provided for this common law action.

The facts may be briefly stated to be these: The plaintiff is the assignee of the Duffney Brick Company, a domestic corporation, now in receivership. Between the years 1922 and 1930 the company delivered many carloads of brick to the Delaware and Hudson Railroad Company and the Boston and Maine Railroad, at Mechanicville, for shipment to points in and about New York city. Transfer of shipments were made to the defendant at Green Island or Troy, to be forwarded at a freight rate fixed in schedules filed with the Public Service Commission by the defendant and the two originating railroads. The brick company objected to the rates as excessive, and after September, 1923, made payments under protest, filing a complaint with the Public Service Commission on November 20, 1924. On April 7, 1932, the Commission decided that the rate charged was unreasonable, and fixed the price thereafter to be charged as well as regulations for the loading of brick. The Commission had no power under the law nor did it attempt to decide what the reasonable charges should have been for the shipments made by the brick company during past years. It determined in accordance with section 49 what the reasonable rate thereafter should be and this was the full extent and effect of this determination.

In *Murphy* v. *New York Central R. R. Co.* (225 N. Y. 548, 557) the Commission made a finding as to the charges theretofore made by the railroad company and adopted a resolution to the effect that the shippers were entitled to recover from the defendant the excess charges which had been paid, upon the ground that the rate was an unjust and unreasonable exaction. This court held that the Commission had exceeded its power. " The determination, at a particular time, that a rate is unreasonable, and the fixing of a reasonable rate are not a determination that the destroyed rate has been unreasonable throughout its existence or for any certain part of its existence or that its excess above the reasonable rate can be measured for any certain time by the difference between the two rates or is the true measure of the damages sustained by the exaction."

Under the law as it existed for this case the full power of the Public Service Commission was exhausted when it determined that the rate on common brick between Mechanicville and New York city points of destination was unreasonable; and that it should not exceed the eighty per cent basis of rates on common brick, or two-dollar rate per ton; and also found the rates to Brooklyn deliveries unreasonable to the extent that they exceeded $2.70 per ton.

The plaintiff cannot take this figure of the Commission as a basis for his action against the defendant to recover the difference between it and the rate filed and paid. The rate ordered by the Commission applies to the charges thereafter to be made.

We do not understand, however, that the plaintiff relies solely upon the findings of the Commission to establish the *amount* of his damage. His claim is that his common law action is preserved to him; that he may still recover the excess over a reasonable rate, which he may establish by proof in his action at law, irrespective of the findings of the Commission. To state the proposition more clearly,

it is this: The Public Service Law provides a remedy by complaint to the Commission if charges are excessive. Complaint was made in the latter part of 1924, and a hearing had in 1926. The decision was made on April 7, 1932. In the meantime the brick company had been protesting the rate charged for its shipments. The plaintiff, therefore, takes the position that he may come to court in a common law action and establish by common law proof what a reasonable charge would have been, and thus recover what was paid in excess of such reasonable rate between the time of complaint and the date of the decision. If other similar actions are brought what rate is to govern? That established in the plaintiff's case upon his evidence will not be binding upon other courts and other parties. We may find, therefore, as the result of litigation, that numerous shippers have recovered excess charges at varying rates.

When the railroad filed its tariff schedules as required by section 28 of the Public Service Law, these were the lawful charges to be paid by the brick company for its shipments of brick. The shipper could not legally pay less, the railroad company could not charge more or less. These were the rates fixed according to the statute until modified as therein provided. A subsequent change, although delayed, did not make the prior charges illegal or unreasonable. The statute creating the Public Service Commission and empowering it to supervise rates and charges was intended to cover the whole subject of rates and supersede all common law remedies. As long as the charges enforced are those on file with the Commission, they are the only lawful charges which may be collected. No departure from the filed rates is permitted.

The Legislature has provided a means for the protection of shippers against unreasonable rates. The action at law resulted in different rates for different shippers dependent upon the opinion of juries as to what was reasonable. The statute makes the specified rate as fixed uniform and

lawful until changed by or with the permission of the Commission.

We, therefore, hold that the remedy provided by our Public Service Law for excessive rate charges is the only relief open to the plaintiff under the circumstances here set forth. (*People ex rel. City of New York* v. *Nixon*, 229 N. Y. 356; *Matter of Dry Dock, E. B. & B. R. R. Co.*, 254 N. Y. 305, 312; *Gurney Heater Mfg. Co.* v. *N. Y., N. H. & H. R. R. Co.*, 264 Mass. 427; *St. Paul Book & Stationery Co.* v. *St. Paul Gas Light Co.*, 130 Minn. 71.) This question was left open in the *Murphy Case.* (225 N. Y. 548, 559). We now decide it.

If the plaintiff's bankrupt suffered any damage it has been due to the delay of the Commission in coming to a decision. Pending the hearing the railroad had no alternative other than to charge the filed rate.

Our act differs in this respect from the Interstate Commerce Act, which permits the Commission to order a refund. (*Arizona Grocery Co.* v. *Atchison, T. & S. F. Ry. Co.*, 284 U. S. 370; *Great Northern Ry. Co.* v. *Sunburst Oil & Refining Co.*, 287 U. S. 358.) How far we have gone in this direction by the addition of section 113 (Laws of 1930, ch. 790), and section 114 (Laws of 1934, ch. 287), we do not undertake to say, as these acts are not applicable to this litigation.

The judgment should be affirmed, with costs.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Judgment affirmed.