FORT GREENE REFRIGERATING SERVICE, INC., Plaintiff, *v.* BROOKLYN
EDISON COMPANY, INC., Defendant.

City Court of New York, Special Term, Kings County, October 8, 1936.

*Abraham Greenberg,* for the plaintiff.

*Whitman, Ransom, Coulson & Goetz* [*Edwin D. Kyle, Jr.,* and *Richard Joyce Smith* of counsel], for the defendant.

GOLDSTEIN, J. Motion by the defendant, under rule 112 of the Rules of Civil Practice, for judgment on the pleadings dismissing the complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

The plaintiff, a customer of the defendant, sues to recover the sum of $2,115.57, according to its brief, as damages " due to the unlawful discrimination by the defendant in first refusing the service, and then exacting greater sums of money from the plaintiff for identical service under like conditions than it charged other consumers." The theory upon which the action is based is variously claimed·in the plaintiff's brief to be in tort, in assumpsit, and for money had and received, and the brief asserts: " Not from any point of view can it be said that plaintiff seeks reformation of the contract. The action is simple, for the stated sum which the defendant unlawfully exacted and detains."

The motion is to be decided solely with reference to the allegations of the complaint. The complaint alleges that the plaintiff was the lessee of two separate buildings, one located at 189 Fort Greene place and another at 171–173 Fort Greene place, in the borough of Brooklyn, city of New York; that on or about September 30, 1932, the plaintiff and.defendant entered into a contract for electric service for light, power and heat, under the defendant's service classification No. 6, for the building 189 Fort Greene place; that in August, 1933, the plaintiff applied to the defendant for electric service at another building, 171–173 Fort Greene place, in combination with the service furnished to 189 Fort Greene place and under the same terms and provisions as those set forth in the contract for electric service to the building 189 Fort Greene place, but the defendant refused such application; that on August 30 and September 1, 1933, respectively, the plaintiff and the defendant entered into two contracts for electric service to the building 171–173 Fort Greene place, one under service classification No. 2 for commercial and other uses — light, heat and power, and the other under service classification No. 3, power; that on December 12, 1933, the plaintiff and defendant entered into a single contract under service classification No. 3 with partial lighting rider E attached, superseding the two contracts of August 30 and September 1, 1933, and that subsequently as of January, 1934, the defendant, under the awe of the Public Service Commission, agreed to combine the service at the two buildings upon the same terms and conditions under service classification No. 6. While the complaint alleges that the contracts of August 30 and September 1, 1933, and December 12, 1933, were each entered into by the defendant " under protest," there are no allegations of attendant

circumstances which would render them void. The complaint further alleges that during the period from September, 1933, to December, 1934, the defendant wrongfully and unjustly discriminated against the plaintiff in rendering to others, " under similar circumstances and conditions the same service at a much less rate or price, to wit, the rate set forth under its contract known as ' Service Classification # 6,' " and " in refusing to grant to the plaintiff its contract known as ' Service Classification # 6,' " and charging the plaintiff a much greater rate or price than the rate set forth under service classification No. 6; and that during the period in question the plaintiff paid the defendant for electric service at the building 171–173 Fort Greene place the sum of $21,482.91, which was " excessive and unjust to the extent of $2,115.57," representing " the amount of the excess over the rate charged for the same service under the same conditions to others of its customers " under service classification No. 6.

*The complexity of the problem and the difficulties attending any attempt by the court to apply the several service classifications, rates, terms and conditions of the defendant's rate schedule, as set forth in the complaint, to the requirements* and usage of a particular customer is at once apparent from the differences in rate structure and form of the service classifications. (*Matter of Earl Carroll R. Corp.* v. *N. Y. Edison Co.,* 141 Misc. 266, 270; *Baltimore & Ohio R. R.* v. *Pitcairn Coal Co.,* 215 U. S. 481, 493; *Loomis* v. *Lehigh Valley R. R.,* 240 id. 43, 50; *Purcell* v. *N. Y. Central R. R. Co.,* 268 N. Y. 164, 168, 169; *Lerner Stores Corp.* v. *N. Y. & Queens Electric Light & Power Co.,* Sup. Ct., N. Y. Co., Lydon, J., N. Y. L. J. April 23, 1932, p. 2254; affd., 241 App. Div. 658.) Service classification No. 6 mentioned in the complaint is applicable to " Large power and limited light — 100 K. W. minimum demand," and provides for a rate " where high tension energy is supplied " composed of a monthly demand charge varying with the number of kilowatts of maximum demand and an energy charge varying with the number of hours' use each month of the maximum demand. It requires a " minimum guarantee " by the customer that his " maximum demand " in any month shall not be less than 100 kilowatts, and limits the customer's lighting installation to one-fifth of the total of his " actual connected load, installed and continued in good faith, under conditions of normal and proper use." Service classification No. 2 is applicable to " commercial and other uses — light, heat and power," and provides for a rate composed of a monthly demand charge of one dollar per kilowatt of maximum demand, where the demand exceeds one kilowatt, and an energy charge vary-

ing with the kilowatt hours per meter per month, with a minimum charge of one dollar per meter per month. Service classification No. 3 is applicable to " Power," and provides for a rate comprising an energy charge varying for the first hour's and excess of two hours' average daily use of the maximum demand, with a minimum charge of not less than one dollar per month per kilowatt of maximum demand, but not less than one dollar and fifty cents per month.

Although the applicability of any of these service classifications depends upon a variety of conditions of equipment, requirements and usage of the customer, the complaint abounds in allegations of conclusions and vague characterizations in respect to the essential facts. Thus it refers to " under similar circumstances and conditions," without any description of the conditions and circumstances of service and use during the period in question either of the plaintiff or of the other persons, firms and corporations; " the same service," without any specification of what the service was; " a much greater rate or price," without specifying the rate or price; " other persons, firms and corporations," without any identification or description of them; " in violation of Schedules filed by it with the Public Service Commission," without pleading the provisions of the rate schedules; other " customers in a similar situation," without alleging what the situation was; " a more favorable rate," without specifying the rate. Furthermore, there are no factual allegations showing the plaintiff's eligibility to service under service classification No. 6 between September, 1933, and December, 1934; that the others to whom the plaintiff relates its charge of undue discrimination were competitors of the plaintiff, or that, by reason of the electric service rendered other persons at different rates, the plaintiff suffered damage.

Each of the service contracts annexed to the complaint appears on its face to have been made in accordance with the rate schedule of the defendant; and, in the absence of facts showing the contrary, it must be presumed that each conformed to the defendant's rate schedule filed pursuant to the provisions of the Public Service Law. Nothing in the first contract of August, 1933, which was made for electric service to the building 189 Fort Greene place, indicates that the plaintiff was entitled to combine under it and the rates specified therein the electric service at another building or location. If there are any provisions in the rate schedule which would have entitled the plaintiff to such a combination, the complaint fails to plead them. The conditions, equipment and usage at each of the buildings at the time when the plaintiff claims to have

been entitled to such combined billing are not factually alleged in the complaint. Each of the service contracts was effective from the date of its execution until its termination by a new service contract. The plaintiff stands on the contracts according to their tenor; in its brief it asserts, "Not from any point of view can it be said that plaintiff seeks reformation of the contract." The complaint does not set forth facts upon the basis of which this court could adjudge the contracts as null or void. The contracts have been carried out by each of the parties. Notwithstanding the unquestioned validity and effectiveness of these contracts during the period in question and their performance by the parties thereto, the plaintiff seeks in this action to recover upon the basis of contractual terms which were never entered into between the parties as applicable to 171–173 Fort Greene place during the period from September, 1933, to December, 1934, and to have the service which the defendant furnished under the effective contracts billed under contractual terms which were not entered into by them for the period and the premises in question. Upon the basis of the complaint, this court may not now substitute for the contracts between the parties in effect from September, 1933, to December, 1934, a different contract into which the parties failed to enter.

Even if the plaintiff could circumvent the regulatory power of the Commission in the case of a refusal by the defendant to furnish service to the plaintiff under a particular service classification shown to be applicable to the plaintiff's requirements and usage, and could resort to an action in this court for damages based upon the defendant's refusal to furnish service under such service classification, the instant complaint still is deficient in setting forth facts sufficient to constitute a cause of action.

The defendant's motion is granted, with leave to the plaintiff to serve an amended complaint within ten days from the entry of an order herein, upon payment of ten dollars costs.

Submit order.