Burke, J.
The simple question presented on this appeal is whether the complaint was properly dismissed on the ground that appellant lacks legal capacity to sue.
The appellant, who allegedly placed small wagers —$18 in all — at racetracks of several of the corporate defendants, brought this suit to have the difference paid to the State between the amount of the payments made to the State by such racetracks at the tax rates reduced by an amendment of the Pari-Mutuel Revenue Law (L. 1956, ch. 837) and the amount which the State would have obtained under the tax rates in effect prior to the effective date of that amendment, and to require payment in the future at the old rates. The respondents, joined by the Attorney-General, moved to dismiss the complaint on the ground that *76 appellant lacked standing to dispute the constitutionality of the amendment.
Once again we are presented with an attempt to change the law of this State, which is also the law of the United States of America. We have always held that the constitutionality of a State statute may be tested only by one personally aggrieved thereby, and then only if the determination of the grievance requires a determination of constitutionality. Under that ruling an unaggrieved citizen-taxpayer, such as appellant, lacks standing to challenge a statute’s constitutional validity. Appellant’s contentions were rejected by this court in the case of Bull v. Stichman (298 N. Y. 516, affg. 273 App. Div. 311). In the Bull case the dissent in the Appellate Division was based on the cases appellant relies upon here (Matter of Kuhn v. Curran, 294 N. Y. 207, and Heim v. McCall, 214 N. Y. 629). This court’s unanimous affirmance in spite of the dissent disposed of the theory that the rule regarding taxpayers’ cases permitted exceptions.
Thus we have found anew that the rationale propounded in Doolittle v. Supervisors of Broome County (18 N. Y. 155) and Schieffelin v. Komfort (212 N. Y. 520) remains sound today. It seems to us proper ‘ ‘ that the courts of this state have denied the right of a citizen and taxpayer to bring before the court for review the acts of another department of government simply because he is one of many such citizens and taxpayers ” (Schieffelin v. Komfort, 212 N. Y. 520, 537, supra).
As Judge Chase stated in the Schieffelin case:
“ Jurisdiction has never been directly conferred upon the courts to supervise the acts of other departments of government. The jurisdiction to declare an act of the legislature unconstitutional arises because it is the province and duty of the judicial department of government to declare the law in the determination of the individual rights of the parties.
“ The assumption of jurisdiction in any other case would be an interference by one department of government with another department of government when each is equally independent within the powers conferred upon it by the Constitution itself.” (212 N. Y., supra, p. 530.)
This concept was later advanced by Mr. Justice Black in Perkins v. Lukens Steel Co. (310 U. S. 113, 132) when he said: “ Our decision that the complaining companies lack standing to *77 sue does not rest upon a mere formality. We rest it upon reasons deeply rooted in the constitutional divisions of authority in our system of Government and the impropriety of judicial interpretations of law at the instance of those who show no more than a mere possible injury to the public.”
The judgment appealed from should be affirmed, without costs.