Louis **BERRY**, Harold Berry, David M.
Miro, Harvey G. Snider and Charles W.
Cole, co-partners, doing business under
the assumed name and style of Utica
Hotel Company, Plaintiffs,

v.

**HOUSING AND HOME FINANCE
AGENCY, et al., Defendants.**

Civ. No. 9256.

United States District Court
N. D. New York.

July 23, 1964.

Kernan & Kernan, Utica, N. Y., Willis
D. Morgan, Utica, N. Y., of counsel, for
plaintiffs.

Justin J. Mahoney, U. S. Atty., Samuel
T. Betts, III, Asst. U. S. Atty., Albany,
of Counsel, for Housing and Home Fi-
nance Agency, Robert C. Weaver, as
Administrator, Housing and Home Fi-
nance Agency, Charles Horan, as Region-
al Administrator, Region I, Housing and
Home Finance Agency.

JAMES T. FOLEY, Chief Judge.

This suit for declaratory judgment
seeks drastic relief. A judicial declara-
tion is sought that a new Redevelopment
Plan for an urban renewal project and
the ordinary processing and approval ac-
tions in such matters by federal and city
officials and agencies over a period of

years in the City of Utica be declared illegal, null and void so long as such plan includes hotels or other housing for transient use among the uses permitted in the new project area. In this particular feature of the redevelopment the specific relief prayed for is that all defendants be enjoined and restrained from expending any local or federal funds for erection of hotels or other transient housing in the redevelopment area. The federal agency and individual federal administrators of the named defendants move to dismiss the complaint upon four stated grounds.

⁄ The plaintiffs are owners and operators of the Hotel Utica, a recognized first-rate hotel in the City, and it is apparent without too much legal delving or pronouncement that new hotels or transient accommodations erected nearby may tend to lessen its business. The direct allegation is made that the erection of a new hotel in the project area will result in a substantial surplus of hotels and transient housing in the City and will compel the plaintiffs to curtail their business to such extent as to cause severe financial loss and irreparable damage. Of course, at this stage and in this type motion the legal approach must be that these claims as well as others regarding alleged failure and deficiency of the community (Utica) to obtain a competent, independent analysis of the local supply of transient housing to determine the need for additional units of such housing must be viewed as uncontroverted and accepted as provable. It should be noted that the claim in regard to the analysis is not that it was not made at all, but that it was not a competent and independent one.

The reliance of the plaintiffs to overcome settled case law in this Circuit, (Taft Hotel Corporation v. Housing & Home Finance Agency (1958), D.C. Conn., 162 F.Supp. 538, aff'd 262 F.2d 307), adverse to their right to maintain this action is placed upon a 1959 Amendment to the Housing Act of 1949. It is Section 1456(g) of Title 42, U.S.C., (Section 410 of the Housing Act of 1959), and provides:

> "(g) No provision permitting the new construction of hotels or other housing for transient use in the redevelopment of any urban renewal area under this subchapter shall be included in the urban renewal plan *unless the community in which the project is located, under regulations prescribed by the Administrator, has caused to be made a competent independent analysis of the local supply of transient housing and as a result thereof has determined that there exists in the area a need for additional units of such housing.*"

It is upon this underlined statutory directive portion that the plaintiffs seriously urge there is change from the past, and the sense of the addition to the Act is to evidence congressional purpose to bestow legal rights and standing upon them as a particular class rather than as members of the public at large with no standing to sue. (See Gart v. Cole, S.D. N.Y., 166 F.Supp. 129; aff'd. 2 Cir., 263 F.2d 244; Harrison-Halsted Community Group, Inc. v. Housing & Home Finance Agency, 7 Cir., 310 F.2d 99, cert. den. 373 U.S. 914, 83 S.Ct. 1297, 10 L.Ed.2d 414; Pittsburgh Hotels Assoc. Inc. et al. v. The Urban Development Authority of Pittsburgh et al., (D.C.W.D.Pa.), 202 F. Supp. 486; aff'd 3 Cir., 309 F.2d 186; Hilton Hotels Corp. v. Weaver, (C.A. D.C.), 325 F.2d 1010.)

It is earnestly contended by plaintiffs the specific wording for competent independent survey to ascertain a particular need for transient housing as set forth in the 1959 amendment confers a different standing from previously, at least by implication, that should subject the actions of the federal agency and officers to judicial review under Section 10 of the Administrative Procedure Act. (5 U.S. C. § 1009.) The argument is appealing but in my judgment fails to find legal support in the original purpose of the Housing Act of 1949, the legislative history of the 1959 amendment and general

judicial writing in relation to permissible judicial review of administrative action under Section 10 of the Administrative Procedure Act.

█ There is no reference in the legislative history of the 1959 amendment that requires the community to have made a competent independent analysis of the need for transient housing before inclusion of a provision for new hotel construction in the urban renewal plan to the Taft Hotel ruling by the Court of Appeals, Second Circuit, handed down in 1958. Nor is there mention or indication therein that a legal right was being conferred upon private interests or a particular class of the same or that such concept, exceptional in this type statute was in the legislative mind. (U. S.Code Congressional & Administrative News, 86th Congress, 1st Session, 1959, pg. 2864). I find nothing in the Housing Act of 1949 or the amendment in 1959 that would allow a conclusion in this situation that a legal right has been conferred by relevant statute that would add up to f.t the "legal wrong or adversely affected or aggrieved" terminology of Section 10(a) of the Administrative Procedure Act that would entitle this action to stand. The action, in real effect, seeks judicial review of federal administrative determination. (Sapp v. Hardy, (D.C.Del.), 204 F.Supp. 602, 604–606.) Where there is no legislative declaration of rights, no regulatory action by the government, and no special provision for judicial review enlarging on constitutional equity powers of the Federal Courts, plaintiffs, in addition to appealing to the equity power, must show more than being persons economically affected or otherwise aggrieved by some governmental activity. (Kansas City Power & Light Co. v. McKay, 96 U.S. App.D.C. 273, 225 F.2d 924, 934; see also Alabama Power Co. v. Ickes, 302 U.S. 464, 479, 58 S.Ct. 300, 82 L.Ed. 374.) A legally protected right for a special interest as here to be free of the impending competition complained of, depends upon congressional intent and purpose to bestow the same by the terms of statute involved; statutory aid to standing to sue must be demonstrated. (Pennsylvania R. R. Co. v. Dillon, (C.A. D.C.), 335 F.2d 292.) There is no such purpose evident to me in the Act that would justify judicial review of the Agency discretionary determination challenged. The Act is one designed for and vital to the public good and general welfare. Unauthorized shackles of judicial intrusion and review for the numerous administrative decisions necessary to accomplish these purposes would be harmful to its intent. In my judgment, Section 1456(g) of Title 42 U.S.C. by its terms is a statutory directive for administrative compliance to insure reasonable guide and standards from the community for the inclusion of new hotel construction in the Plan but does not confer upon the plaintiffs legal rights, as individuals, separate from their position as members of the general public. (See Harrison-Halsted, supra, 310 F.2d pg. 104).

The motion to dismiss the complaint and amended complaint by the moving defendants is granted, and an order shall be submitted accordingly.