Keating, J.
A promotional examination for Sergeant of the State Police and article 10 of the Department Rules and Regulations under which the examination was held have been discarded as unconstitutional by the Appellate Division, Third Department. Cross appeals are before us.
By an order of May 6, 1965, in an article 78 proceeding, Special Term set aside in its entirety article 10, the examination for Sergeant, and also a promotion examination for Lieutenant which had not previously been argued. On appeal of this order to the Appellate Division, Frederick J. Penfold, a Sergeant, was permitted to intervene on his own behalf and on behalf of the 247 other Sergeants and 5 Lieutenants who had successfully passed the examinations in question and been promoted to their present positions. The Appellate Division sustained so much of the order of the Special Term Justice as annulled the examination for Sergeant but refused to pass on the examination for Lieutenant since the Police Superintendent had not yet had an opportunity to justify the degree of subjectivity in the examination.
In the view we take of the case, we find it unnecessary to reach the merits of the controversy, for we are of the opinion that the order should be reversed and the case dismissed on the ground that petitioner was not a party aggrieved and had no standing to maintain this article 78 proceeding.
It appears that after the Special Term Justice dismissed the original application, the promotion examination was held and *396 was taken and passed "by petitioner. He thus became eligible for promotion to Sergeant. The examination against which he seeks relief has not injured him in any way because he passed it. Moreover, after he became eligible for promotion, charges were instituted against him for failure to obey a lawful command of a superior officer. As a result of these charges, he was found guilty of insubordination on May 29, 1964, and dismissed from the State Police.* From these facts the intervenor has argued that petitioner was not a party aggrieved, had no right to maintain this proceeding, and that, even if the examinations were annulled, it would be of no benefit to him since he would be ineligible to take a new promotion examination.
Petitioner did not dispute these facts but, instead, asserted that he had a right as a private citizen and taxpayer to maintain the proceeding. The court below disposed of this by saying: “ We find no merit in the intervenors’ contention that petitioner’s subsequent passing of the examination or dismissal from the Division of State Police rendered the case moot (e.g., Matter of Andresen v. Rice, 277 N. Y. 271, 281).” (24 A D 2d 794.)
The question, however, is governed by the recent case of St. Clair v. Yonkers Raceway (13 N Y 2d 72) and petitioner does not have a right as a citizen and taxpayer to bring this action.
There were, of course, many cases prior to St. Clair. As early as 1821, in a suit charging public officials with failing to properly supervise a lottery, Chief Judge Spencer reviewed the law: “ I consider the point beyond all dispute, that for a misbehavior of an officer, in his office, either for misfeasance or nonfeasance, no one can maintain an action against him, unless he can show a special and particular damage to himself.” (Butler v. Kent, 19 Johns. 223, 226.)
Thereafter, several cases, notably Doolittle v. Supervisors of Broome County (18 N. Y. 155), Schieffelin v. Komfort (212 N. Y. 520), and Bull v. Stichman (273 App. Div. 311, affd. 298 N. Y. 516), defined more clearly the requirement that a person may challenge the validity of a governmental act only if it affects his private rights.
*397 ' In Schieffelin, Judge Chase stated that it was not the intention of the people by the Constitution to confer upon the judicial branch general authority at the suit of a citizen as such to sit in review of the acts of other branches of government. The court could set aside such an act only in a controversy between litigants where it was sought to enforce personal rights —- as distinguished from rights in common with the great body of people — or to enjoin, redress or punish wrongs affecting the life, liberty or property of an individual litigant. Jurisdiction is not given to the courts as guardians of the rights of the people generally against illegal acts by the executive or legislature, but when a controversy arises between litigants, the court must then follow the Constitution and may incidentally pass upon an act of the executive or legislative branches while determining the individual rights of the parties.
In St. Glair we reconsidered the question of whether or not a citizen taxpayer has the right to challenge the validity of a statute duly passed by the Legislature. Our answer was that he did not: " Thus we have found anew that the rationale propounded in Doolittle v. Supervisors of Broome County (18 N. Y. 155) and Schieffelin v. Komfort (212 N. Y. 520) remains sound today. It seems to us proper ‘ that the courts of this state have denied the right of a citizen and taxpayer to bring before the court for review the acts of another department of government simply because he is one of many such citizens and taxpayers ’ ”. (13 N Y 2d, supra, p. 76.)
While it is true that St. Glair involved a challenge to a legislative act, not an executive act, and that St. Glair was a proceeding for declaratory judgment, not an article 78 proceeding, the rule of law with which we are dealing is too broad to be so easily distinguished. It is a rule of law designed to prevent the courts from giving judicial interpretations of legislative acts or executive rulings- in the absence of injury or threatened injury to one’s personal rights. Since the petitioner in this action has demonstrated no personal injury suffered as a result of the acts complained of, and since he has made no showing to bring his case within the exception to the rule of practice under which this court on occasion decides questions which even though moot as between the parties affect *398 the entire State or transactions of a similar character which are numerous and likely to arise with frequency, we are compelled to dismiss his action. (Matter of Adirondack League Club v. Board of Black Riv. Regulating Dist., 301 N. Y. 219.)
The order of the Appellate Division should be reversed, without costs, and the matter remitted to Special Term with directions to dismiss the petition on the ground that the issue is moot.
■Chief Judges Desmond and Judges Fuld, Van Voobhis, Burke, Scileppi and Bergan concur.
Order reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.

 In an article 78 proceeding brought by petitioner to review his dismissal, the Appellate Division has upheld the action of the Superintendent (Matter of Donohue v. New York State Police, 25 A D 2d 908).