■ In the Matter of ADA SHANKS et al., Appellants, v. BERNARD DONOVAN, as Superintendent of Schools of the City of New York, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR to require respondents Donovan and Ferrerio to institute disciplinary proceedings against respondents Russell, Ierelli and Brower, petitioners appeal from a judgment of the Supreme Court, Kings County, entered January 15, 1969, which dismissed the petition. Judgment affirmed, without costs. Petitioners are parents of children

enrolled in P. S. 321 in School District 15, Brooklyn, City of New York. It is apparently undisputed that respondents Russell and Ierelli, Acting Principal and Assistant Principal of the school, respectively, participated in the school strike during September of 1968 and directly disobeyed an order of respondent Ferrerio, the Acting Superintendent of the School District, that all principals were to report for work each day of the strike. It is further alleged that respondent Brower, the school custodian, engaged in dilatory and disruptive conduct during the strike. Despite requests of parents, including petitioners, that disciplinary proceedings pursuant to the By-Laws of the Board of Education of the City of New York be brought against these employees, respondents Donovan and Ferrerio have failed, neglected, and refused to commence such proceedings, apparently because of the "no reprisal" condition of the settlement of the strike with the respondent United Federation of Teachers. Special Term dismissed the petition on the grounds that petitioners did not have standing to sue and that the petition failed to allege facts sufficient to state a cause of action. We are of the opinion that the petition was properly dismissed because of lack of standing of petitioners. A parent, merely by virtue of his status as such, enjoys no general power of supervision over school officials, but must demonstrate some continuing or threatened injury to the interests of his child in particular. The only continuing injury alleged by petitioners herein is the "difficulty of impressing moral norms" on children who have witnessed lawless conduct go unpunished. This is, in our view, entirely insufficient to demonstrate the particular injury necessary to confer standing (cf. *Matter of Donohue* v. *Cornelius,* 17 N Y 2d 390; *Matter of Oliver* v. *Donovan,* 32 A D 2d 1036). In reaching that conclusion we express no opinion on the recent amendment to the Taylor Law (L. 1969, ch. 24), since petitioners do not argue that they have standing to sue by virtue of that amendment. Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.