In the Matter of HERBERT A. POSNER et al., Appellants, v. NELSON A. ROCKEFELLER, as Governor of the State of New York, et al., Respondents.

Third Department, February 24, 1970.

*Peter A. A. Berle* for appellants.

*Louis J. Lefkowitz, Attorney-General (Jean M. Coon* and *Ruth Kessler Toch* of counsel), for respondents.

SWEENEY, J. This is an appeal (1) from an order of the Supreme Court at Special Term, entered January 13, 1970 in Albany County, which granted respondents' motion to dismiss the petition, and (2) from the judgment entered thereon.

This is an article 78 proceeding brought by appellants, three New York State Assemblymen, who contend that certain portions of the appropriation bills submitted by the Governor of New York and enacted into law by the New York State Legislature in 1969, violate article VII of the New York Constitution. They seek judgment preventing respondents from expending further moneys.

The proceeding was originally commenced in Supreme Court, New York County (60 Misc 2d 597). The respondents moved for a change of venue to Albany County and also to dismiss the petition on several grounds. Special Term denied respondents' motion and granted judgment to the petitioners on the merits. On appeal the Appellate Division, First Department, reversed the order denying respondents' motion for a change of venue, vacated the order and judgment of the Special Term and remanded the proceedings to Special Term, Albany County (33 A D 2d 683). This decision was affirmed by the Court of Appeals (25 N Y 2d 720). The petitioners, thereafter, commenced this proceeding anew by an order to show cause. Special Term dismissed the proceeding without reaching the merits on the ground that petitioners do not have standing to bring the proceeding either as citizen-taxpayers or as Assemblymen, and on the further ground that the proceeding was barred by the Statute of Limitations.

Petitioners contend there was no motion to dismiss before the Special Term and, therefore, it was error to entertain such a motion. With this contention we do not agree. Such a motion was before the court in the original proceeding which was transferred to Albany County. Consequently, all of the papers were necessarily transferred to the Albany County Clerk's office and were properly before the court.

Our courts have uniformly held that the mere status of a citizen-taxpayer is not sufficient to confer standing to challenge

the constitutionality of the acts of the State Legislature or of State officers. To bring such a proceeding the taxpayer must show, in addition, that he is personally aggrieved by the act of which he complains. (*St. Clair* v. *Yonkers Raceway,* 13 N Y 2d 72; *Bull* v. *Stichman,* 273 App. Div. 311, affd. 298 N. Y. 516; see *Matter of Donohue* v. *Cornelius,* 17 N Y 2d 390.) There is no such allegation by the petitioners here. Nor does the fact that the petitioners are Assemblymen give them standing to bring the instant proceeding. For a public body or official to challenge a State statute it must be shown that there has been some deprivation of due process or equal protection of the law, and such is not the situation here. (*City of Buffalo* v. *State Board of Equalization & Assessment,* 26 A D 2d 213.) Once the budget bills were passed and enacted into law there could be no effect on the petitioners' rights as Assemblymen. There was no further action required by them as legislators. Their duties remained the same thereafter. If the acts are unconstitutional, petitioners would not be affected as Assemblymen. On the other hand, if the acts are constitutional, their duties would be unchanged. This is not the situation which existed in *Board of Educ.* v. *Allen* (20 N Y 2d 109, affd. 392 U. S. 236; see dissenting opinion, 20 N Y 2d, at p. 118). Consequently, it is our opinion that petitioners have not been deprived of due process, or of equal protection, and, therefore, they lack standing as Assemblymen to bring this proceeding.

The petition is dismissed, and, accordingly, it is not necessary that we reach the merits.

The order and judgment should be affirmed, without costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and COOKE, JJ., concur.

Order and judgment affirmed, without costs.