A. Franklin Mahoney, J.
This is an application for an order pursuant to article 78 of the CPLR directing the Comptroller of the State of New York to commence an action for a declaratory judgment concerning the constitutionality of certain portions of chapters 50, 53 and 54 (as amd. by ch. 320) of the Laws of 1971, known as the “ State Purposes Budget ”, the “ Local Assistance Budget ’ ’ and the ‘ ‘ Capital Construction Budget ’ ’. In connection with the application the movants served a subpoena duces tecum on “Arthur Levitt, Comptroller of the State of New York ”. Mr. Levitt did not appear on the return date at Special Term (Aug. 13,1971, Albany County) and petitioners moved for a two-week adjournment for the purpose of obtaining the personal appearance of the Comptroller together with certain budgetary papers the subpoena commanded he produce. This inter alia motion for an adjournment was denied for reasons that appear later in this memorandum.
The Attorney-General moved, on notice, to dismiss the petition on the grounds that the petitioners lack legal capacity to *566 bring this proceeding and, further, that the petition fails to state a cause of action under article 78 of the CPLR.
The issue of “ standing ” or “ capacity to sue ”'is not before the court. The petitioners, New York State Assemblymen and attorneys, recognize that the maxim of stare decisis forecloses to this court the right to consider the personal views of private citizens (St. Clair v. Yonkers Raceway, 13 N Y 2d 72), New York State Assemblymen (Matter of Posner v. Rockefeller, 26 N Y 2d 970) or State employees (Hidley v. Rockefeller, 28 N Y 2d 439) Avith respect to the validity of appropriation bills submitted by the Governor. Indeed, it is the seemingly all encompassing effect of St. Clair-, Posner-, and Hidley that surfaces the lament of petitioners that somebody must have “ standing” or “ capacity ’ ’ to challenge the most fundamental law passed each year by the Legislature or ‘ ‘ democracy ’ ’ and that ‘1 democratic process ” are lifeless words and phrases and the executive branch of our State Government is not coequal to the legislative branch and its 15 million clients but supreme and unchallangeable in its right and power to appropriate and spend State moneys. As Assemblymen they are entitled to wonderment as to their lack of capacity to challenge the budget, but as attorneys they are charged with the knowledge that our State’s budget court has not and, indeed, could not immunize any law from proper challenge. In their search for a competent challenger, the petitioners have settled on the State Comptroller, believing that a public officer, charged Avith the duty of dispensing billions of dollars of public money, has a duty to challenge a law which compels him to this duty if he entertains doubt as to the legality of that law.
I cannot agree.
Section 1 of article V of the New York State Constitution provides for the election of the Comptroller and requires him “ (1) To audit all vouchers before payment and all official accounts; (2) to audit the accrual and collection of all revenues and receipts; and (3) to prescribe such methods of accounting as are necessary for the performance of the foregoing duties. ’ ’
This same section empowers the Legislature to define his powers and duties. With this section of the Constitution as a genesis, the Legislature enacted section 8 of the State Finance Law which particularizes the Comptroller’s duties. .It is interesting to note that subdivision 11 of section 8 of the State Finance Law grants to him. ‘ ‘ power and authority to institute proceedings to enforce obedience to the judgments, orders or decrees of the said courts ”, and further, subdivision 14 of section 8 of the same law gives the Comptroller authority to ‘1 Make, amend and repeal *567 rules and regulations as he may deem necessary in the performance of the duties imposed upon him by law.”
Clearly, the duty and obligation of the Comptroller under the Constitution and statutory law is to enforce, not to challenge, the law. So far as the Laws of 1971 established the budgetary scheme he is obligated to obey them. The 1971 budget has been challenged on constitutional grounds (Hidley v. Rockefeller, 28 N Y 2d 439, supra) and has withstood the challenge, albeit not on the merits. Nevertheless, it is the present law of the State, and the Comptroller is under no duty enjoined upon him by law to institute a proceeding to have such law declared invalid. Rather, it is his duty to comply with and enforce that law.
Mr. Levitt is entitled to private doubts concerning any law but, as a public officer charged with a duty to comply with a particular law, he is denied the luxury of attacking that law.
For these reasons I denied petitioners’ motion for an adjournment to compel the Comptroller’s testimony. It would have served no useful purpose.
An article 78 proceeding seeking to compel the State’s chief fiscal officer to commence a declaratory judgment action against the Governor and Budget Director does not lie.
The Attorney-General’s motion to dismiss is granted.