Harold E. Koreman, J.
The defendant moves to dismiss the complaint in this action for a declaratory judgment on the grounds that (a) the court lacks jurisdiction of the defendant; (b) the plaintiff lacks legal capacity to maintain the action; (c) the action is premature; (d) the complaint raises no justiciable controversy; (e) plaintiff is estopped by his prior actions and those of his agents from bringing the action; (f) the complaint fails to state a cause of action. The plaintiff seeks a declaration of the rights and other legal relationships of the parties, contending that certain budget bills set forth in paragraph Sixth of the complaint, submitted to the New York State Legislature for enactment by defendant as Governor of the State of New York, contravene the intent of sections 3 and 4 of article VII and section 1 of article III of the Constitution of the State of New York.
Plaintiff alleges for a first cause of action that certain appropriation bills submitted to the Legislature by the defendant with the 1972-1973 executive budget lack sufficient itemization to permit the Legislature to perform its function of striking out, reducing or adding items; that the Legislature cannot take meaningful and effective action on the proposed appropriations in the manner intended by the Constitution of the State of New York; that if these bills are enacted into law in the form submitted by the defendant, plaintiff will be placed in jeopardy in the performance of his constitutional and statutory duties. The specific bills under attack are identified as Senate 7567 and Assembly 8580, entitled ‘ ‘ An act making appropriations for the support of government (State Purposes Budget) ”, and Senate 7571, Assembly 8584, entitled ‘ ‘ An act making appropriations for the support of government (Capital Construction Budget) ”, The complaint also alleges that plaintiff is required under the Constitution and laws of the State of New York to be the head of the Department of Audit and Control, to audit all vouchers before payment, to draw warrants on the treasury for payment of moneys directed by law to be paid out of the treasury, and to superintend the fiscal concerns of the State. (N. Y. Const., art. V, § 1; State Finance Law, § 8.) In addition, it is alleged that the interest and concern of the plaintiff is that the prospective performance of his duties under the appropriation acts in question to be adopted by the Legislature for the fiscal year beginning April 1, 1972 may be challenged for legality and constitutionality, and may be subject to demands for restraining orders, as evidenced by recent litigation concerning issues raised here. Under his statutory duty to superintend the fiscal con *339 cems of the State, plaintiff seeks a resolution of the issues presented herein before the beginning of the fiscal year commencing April 1, 1972 in a matter of grave official and public concern that affects the fiscal integrity and stability of the State. It is also alleged that a determination of the constitutional issue is sought at this time since, after the beginning of the new fiscal year, plaintiff may be constrained as a public officer to presume the constitutionality of appropriation acts after their adoption by the Legislature and after they have become effective on that date. The complaint alleges as a second cause of action that appropriation bill Senate 7571, Assembly 8584 (Capital Construction Budget) provides in sections 1, 2, 3, 4, 5, 9 and 10 that amounts set forth in schedules for construction, improvement and rehabilitation of specific capital facilities are estimates and are interchangeable among the several categories within the schedule. Plaintiff states that this proposed grant of unrestricted power of interchange to the Executive Department, of which the defendant, as Governor, is the head, converts the appropriations within a schedule to a lump sum for all capital construction projects undertaken by a department or agency. Such unrestricted power of interchange, it is alleged, contravenes the intent of sections 3 and 4 of article VII of the Constitution of the State of New York, and constitutes a delegation of legislative power to the executive branch in contravention of the intent of section 1 of article III of thp Constitution.
The defendant’s immunity, as the chief executive officer of the State, from process or suit and from judicial interference in his ministerial and discretionary acts, cannot be questioned. This is not to say, however, that the courts lack jurisdiction to review and determine whether or not such public official may have acted contrary to law, or contrary to the provisions of the Constitution of the State of New York which governs the actions of all three branches of government. Only in the absence of a clear violation of the Constitution or statutory mandate does the defendant enjoy immunity as the Governor of the State. (Vanilla v. Moran, 188 Misc. 325, affd. 272 App. Div. 859; Gaynor v. Rockefeller, 15 N Y 2d 120; Matter of Gournet v. Lefkowitz, 27 A D 2d 809.) The allegations of the complaint raise the question of whether the appropriation bills submitted by the defendant to the Legislature are in compliance with constitutional requirements, and thus, it is properly before the court.
On the question of whether the plaintiff, as Comptroller of the State, lacks legal capacity to bring this action, the defendant cites Matter of Posner v. Levitt (67 Misc 2d 565) in support of *340 this ground for dismissal. Special Term there stated that it was the duty of the Comptroller to enforce, not to challenge the law. The issue determined in Posner was simply that the petitioners therein could not compel the Comptroller to commence an action for a declaratory judgment against the Governor and Budget Director. As stated in the opinion of the Appellate Division (Matter of Posner v. Levitt, 37 A D 2d 331, 332) “ The issue is not, as appellants claim, whether the Comptroller has legal standing to maintain such an action but rather it is whether the court may order him to institute litigation to challenge the legality of the State budget as adopted ’ ’. That .court further stated that the respondent (Levitt) may have standing to test the validity of the budget but he is not obliged to do so and may not be compelled to do so. Furthermore, in Posner the budget bills had already been enacted into law. Such is not the case here, and, in fact, the complaint alleges as one of the bases for the relief being sought now is that plaintiff may be constrained to presume the constitutionality of the appropriation acts after they are adopted and made effective by the Legislature. The court is of the opinion that the plaintiff’s constitutional and statutory duties and responsibilities, as alleged in the complaint, are sufficient to confer upon him the right to maintain this action. Nor is the court in agreement with defendant’s contention that the action is premature since the appropriation bills have not as yet been acted uponeby the Legislature. The evil complained of by the plaintiff is the form and the manner in which the appropriation bills in question were submitted to the Legislature. The allegations of unconstitutionality are asserted against the acts of the defendant. Since it is alleged that the Legislature may not constitutionally alter the appropriation bills submitted by the defendant, plaintiff should not be required to await the future action of the legislative body before seeking a resolution of the problem set forth in the complaint.
Defendant maintains that plaintiff is merely seeking an advisory opinion of this court by way of this action, and that no justiciable controversy exists between the parties. OPLB 3001 is a remedial provision the primary purpose of which is to stabilize legal relations and eliminate uncertainty as to the scope and content of present or prospective obligations. Among the purposes served by a declaratory judgment action are the availability of a mechanism to interpret rights and obligations so that a party need not act at his peril and risk irreparable harm in the process, and the determination of the validity and construction of public acts and the establishment of public duties *341 without protracted periods of uncertainty. The proper purpose of a declaratory judgment action has been described as the complete and final settlement of the rights and legal, relations of the parties with respect to the matters in controversy. The difference between what constitutes a request to adjudicate an abstract question or to render an advisory opinion and what qualifies as a justiciable controversy is one of degree, and it is impossible to draw a precise line between the two. The courts, therefore, are forced into ad hoc determinations by virtue of the variegated situations brought before them in declaratory judgment actions. The suit must serve some practical end in quieting or stabilizing an uncertain or disputed jural relationship either as to present or prospective obligations. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3001.02, 3001.03.) It can hardly be doubted that the determination of the question raised by the plaintiff will serve to stabilize a disputed jural relationship between the parties to this action, thus making the remedy of a declaratory judgment a proper one.
The defendant contends that the prior actions of the plaintiff and his agents in the development of the present form of appropriation should be held to work an estoppel barring him from bringing an action to challenge that form. This ground for dismissal is based on the fact that the plaintiff through his representative and the defendant through his representative on the Joint Statewide Accounting Improvement Committee affirmatively participated in the development of the form and theory of appropriation presently before the Legislature, and, therefore, plaintiff’s prior actions in the development of the budgetary form and practice of which he now complains must be held to bar him from bringing this action. An equitable estoppel can arise only when a person, either by his declarations or conduct, has induced another to act in a particular manner. The doctrine prohibits a person, upon principles of honesty and fair and open dealing, from asserting rights the enforcement of which would, through his actions, work fraud and injustice. (21 N. Y. Jur., Estoppel, § 15.) There is no showing, nor does defendant contend that such is the case here.
The final ground urged for dismissal of the complaint is that it fails to state a cause of action. This ground incorporates the several grounds already considered, and, in addition, defendant argues that plaintiff is not entitled to the relief sought as a matter of law. On a motion brought pursuant to CPLB 3211 (subd. [a], par. [7]), the pleading will be liberally construed and deemed to allege whatever can be reasonably implied or *342 inferred from its statements. The merits of the allegations are not in issue, and the sole criterion is whether the pleading states a cause of action and not whether the allegations can be established. For the reasons previously stated, plaintiff has the right to bring this action, and under the allegations of the complaint the court has jurisdiction over the defendant. The action is not premature, a justicial controversy is presented for the court’s determination, and the plaintiff is not estopped from bringing this action. Without repeating the factual allegations of the complaint already considered herein, suffice it to say that, affording it the liberality of construction and every reasonable inference to be drawn therefrom, the complaint states a prima facie cause of action. (People v. Tremaine, 281 N. Y. 1; dissenting opn., Chief Judge Fuld, Hidley v. Rockefeller, 28 N Y 2d 439, 447.)
Accordingly, defendant’s motion is in all respects denied. Answer is to be served by the defendant in accordance with the provisions of CPLR 3211 (subd. [f]).