"Assemblyman" Herbert A. POSNER
et al., Plaintiffs,

v.

The STATE OF NEW YORK et al.,
Defendants.

No. 71–Civ.–565.

United States District Court,
N. D. New York.

March 31, 1972.

Herbert A. Posner, Albany, N. Y., for plaintiffs; Leonard Weiss, Albany, N. Y., of counsel.

Louis J. Lefkowitz, Atty. Gen., State of New York, Albany, N. Y., for defendants; Ruth Kessler Toch, Sol. Gen. and Jean M. Coon, Asst. Sol. Gen., Albany, N. Y., of counsel.

JAMES T. FOLEY, Chief Judge.

## MEMORANDUM–DECISION and ORDER

The above title is exactly as stated in the pleadings, and it should be noted that the quotes around "Assemblyman" do not imply fictitious or unwarranted status in that respect because both are active Assemblymen in the New York State Assembly with records of service since 1967 and 1969 in such positions. The other plaintiffs are a varied group: A former State employee claiming to have been discharged as a result of budget cuts in the New York State budget; a recipient of public assistance claiming public assistance grant reduction; and a parent of a child in a State School under the jurisdiction of the Department of Mental Hygiene. The named defendants are the State of New York, and the seven Judges of the distinguished New York State Court of Appeals, who were served individually and personally with process in the federal suit. That Court has long been recognized as outstanding in the judicial system of the Nation. (See "Cover Story", Whitney North Seymour, American Bar Assoc. Journal, March, 1971 issue). The complaint seeks injunctive relief and declaratory judgment. Federal jurisdiction is asserted expressly under 42 U.S. C. § 1983 and 28 U.S.C. §§ 1343(3) and 1331. In behalf of the defendants, there is filed a formal motion to dismiss the complaint on the grounds plaintiffs have no standing, and the complaint does not state a claim upon which relief can be granted. The plaintiffs counter with a formal motion to dismiss the defense motion to dismiss the complaint and for summary judgment under the provisions of Federal Rule of Civil Procedure 56.

The suit, an extraordinary one in my judgment, revolves around the rulings of the New York Courts, and particularly the New York Court of Appeals, which denied by 4–3 decisions standing or legal capacity to sue regarding the particular plaintiffs in that litigation challenging the form of the State budget. Basically, the contentions over the years have been and again are presented that the New York State Constitution requires more itemization of proposed expenditures. The New York Court of Appeals' most recent decision in which three Judges of the seven would permit standing to maintain challenges of this kind is Hidley v. Rockefeller, 28 N.Y.2d 439, 322 N.Y.S.2d 687, 271 N.E.2d 530 (1971). Previously, In re Posner v. Rockefeller, 26 N.Y.2d 970, 311 N.Y.S.2d 15, 259 N. E.2d 484 (1970), it was ruled that the plaintiffs lacked standing as citizens and taxpayers to commence the proceeding attacking the form of the State budget in a previous year, citing as authority St. Clair v. Yonkers Raceway, 13 N.Y.2d 72, 242 N.Y.S.2d 43, 192 N.E.2d 15 and Matter of Donohue v. Cornelius, 17 N. Y.2d 390, 396, 271 N.Y.S.2d 231, 218 N. E.2d 285. In this Posner case, three judges concurred only insofar as plaintiffs' standing as citizens and taxpayers *under constraint* of St. Clair v. Yonkers Raceway. (Emphasis supplied). It is evident from the rulings in these cases and the extensive writings of Judge Breitel, joined by Judge Jasen, and that of Chief Judge Fuld in Hidley that there is reasonably consistent and close disagreement upon the standing issue. The basic challenge by the plaintiffs in all these type cases are to the lack of sufficient line itemization of the State budget and appropriation bills claimed

to be mandated by the State Constitution. In his dissent in Hidley, Judge Breitel concluded that the budget and appropriation Acts for that fiscal period in issue were constitutionally valid. Chief Judge Fuld found to the contrary in reliance upon People v. Tremaine, 281 N.Y. 1, 5, 21 N.E.2d 891. Standing to sue in the State has always been a troublesome problem, and equally so in the federal judicial domain. It does seem inevitable in my judgment that in due time New York will follow the liberalization granted taxpayer citizens in other States in this technical area of litigant capacity. (See Article: New York and the Non-Hohfeldian Plaintiff Taxpayers: Standing to Sue the State, Albany Law Review, 1971 issue, pp. 203–215; see also Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947; Association of Data Processing Service v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184).

It is admitted in the affidavit supporting the plaintiffs' motion for summary judgment there are two actions pending presently in the Supreme Court of New York, challenging the New York State budget for the fiscal year April 1, 1971–March 31, 1972, and the constitutionality of the tax revenue Bills passed by the Second Extraordinary Session of the 1971 Legislature. This action was instituted by Assemblymen Posner and Brewer, and the second filed in the same Courts by the same plaintiffs in this action. It is evident the plaintiffs resort to the federal question and civil rights statutes of the federal system for jurisdiction in anticipation the same rulings barring standing will be followed again by the lower State Courts. It is of great interest to note that after the action was instituted in this federal court in Levitt, Comptroller v. Rockefeller, Governor, Supreme Court Justice Harold E. Koreman by opinion dated March 14, 1972, in denial of a motion to dismiss the action ruled among other contentions that the Comptroller had legal capacity and standing to sue in his challenge that certain budget bills contravened the State Constitution. Judge Koreman pointed out in his opinion that under the decisions in Matter of Posner v. Levitt, 67 Misc.2d 565, 324 N.Y.S.2d 553 and Matter of Posner v. Levitt (Third Dept. 1971), 37 A.D.2d 331, 325 N.Y.S.2d 519, it was ruled the Comptroller may have the necessary standing. I shall file a copy of Judge Koreman's decision with the Clerk of this Court with this decision for convenience if an appeal is filed. It is my understanding that after this success which should remove some of the gloom about standing to challenge in these budgetary and appropriation situations, the Comptroller dropped his suit upon assurance from the Governor's office there had been a revised format for the budget for the fiscal period starting April 1, 1972, that apparently satisfied the Comptroller. (See New York Times, March 16, 1972, Special, By William E. Farrell).

In this myriad of litigation, I must of course confine myself to the action instituted before me. The decision must be hurried inasmuch as at the oral argument, March 31, 1972, was discussed as a critical date of some influence in New York fiscal management. The complaint here seeks declaratory judgment that the defendants have violated the constitutional rights of any one or more of the plaintiffs in the categories they represent under the First and Fourteenth Amendments of the United States Constitution. The further relief requested is for an order requiring defendants to permit any one or more of plaintiffs to institute an action in the Courts of the State of New York for the purpose of determining the constitutionality of the State Budget consistent with this Court's declaration of plaintiffs' rights under the First and Fourteenth Amendments of the United States Constitution.

■ ■ First, in my judgment, there is not expressed a viable claim under 42 U.S.C. § 1983. It is essential in order for claim under 1983 to be valid that there be reasonably ascertainable, or at least arguably so, circumstances indicating that the defendants deprived the plaintiffs of rights secured under the constitution and laws of the United

States and did so under color of law. (Adickes v. Kress, 398 U.S. 144, 145, 90 S.Ct. 1598, 26 L.Ed.2d 142; see also Otto v. Somers, 6 Cir., 332 F.2d 697, cert. den., 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703; Love v. Navarro (DC C. Calif.—1967), 262 F.Supp. 520; Almenares v. Wyman, 2 Cir., 453 F.2d 1075). To my mind there is no federal question presented outside of the $10,000.00 monetary amount being very doubtful for sustaining federal jurisdiction under § 1331.

The federal courts have had the same wrestling with the standing concept, and it would seem superior grandstanding and pretending for federal courts to instruct in effect the manner in which State courts should decide standing questions when not sure about their own decisions when the question is properly in their jurisdiction. It has been described as one of the most amorphous concepts in the entire domain of federal law and filled with complexities and uncertainties. (See Flast v. Cohen, supra, 392 U.S. at p. 99, 88 S.Ct. 1942, 20 L. Ed.2d 947; Frothingham v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078). I have had my own difficulties. (Berry v. Housing & Home Finance Agency (NDNY), 233 F.Supp. 457, aff'd 2 Cir., 340 F.2d 939).

■ The Flast opinion at 392 U.S. p. 96, 88 S.Ct. 1942, 20 L.Ed.2d 947 also points to the considered principle that the oldest and most consistent thread in federal law of justiciability is that federal courts will not give advisory opinions. (C. Wright, Federal Courts, 34; see also United States v. Fruehauf, 365 U.S. 146, 157, 81 S.Ct. 547, 5 L.Ed.2d 476). Entertainment of declaratory judgment actions are discretionary. There are other formidable barriers to the maintenance of the action. The Eleventh Amendment of the United States Constitution grants immunity to the State of New York unless it consents to be sued. (Parden v. Terminal R. Co., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233). The Judges named as defendants have immunity from suit in the exercise of their judicial functions. (Dacey v. N.Y. County Lawyers' Assoc., 2 Cir., 423 F.2d 188; Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288).

It seems appropriate in the context of this litigation to refer to comments of two great United States Supreme Court Justices that seem pertinent, philosophically and legally, to the grievances and alleged dilemma the plaintiffs seek to present to this federal court. Justice Black in excerpts from Atlantic C. L. R. Co. v. Engineers (1969), 398 U.S. 281 at pp. 286, 287, 90 S.Ct. 1739 at p. 1743, 26 L.Ed.2d 234. "Thus from the beginning we have had in this country two essentially separate legal systems. Each system proceeds independently of the other with ultimate review in this Court of the federal questions raised in either system . . . Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court". Justice Frankfurter concurring in United States v. Mine Workers, 330 U.S. 258, at p. 308, 67 S.Ct. 677, at p. 703, 91 L.Ed. 884: "Even this Court has the last say only for a time. Being composed of fallible men, it may err. But revision of its errors must be by orderly process of law. The Court may be asked to reconsider its decisions, and this has been done successfully again and again throughout our history. Or, what this Court has deemed its duty to decide may be changed by legislation, as it often has been, and, on occasion, by constitutional amendment".

■ The doctrine of abstention when state remedies are being pursued, or at least instituted as here, has expanded in its application. (Reid v. Bd. of Educ. of N.Y., 2 Cir., 453 F.2d 238; see Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68; Asken v. Hargrave, 401 U. S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196; Railroad Comm'n. v. Pullman, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971. If jurisdiction were sustainable, even though clearly not so in my judgment, there would be compelling reasons to abstain.

The motion of the defendants to dismiss is granted for lack of jurisdiction of the subject matter, or if jurisdiction be present for failure to state claims upon which relief can be granted. The complaint is dismissed. The motion of the plaintiffs for an order dismissing the defendants' motion to dismiss the complaint and for grant of summary judgment in their favor is denied and dismissed. This decision constitutes the orders of grant and dismissal. The decision shall be filed by me and so marked in Albany as of this date, March 31, 1972, and forwarded to the main filing office of the Court at Utica, New York. See F.R.Civ.Proc. 5(e).

It is so ordered.