Harold E. Koreman, J.
This proceeding was commenced by petition alleging that 13 causes of action are brought pursuant to CPLR article 78, and four causes of action allege that declaratory judgments are sought relating to height, weight and physical standards and tests set by respondent Municipal Police Training Council for the selection of police officers (9 NYCRR Part 6000). Petitioners seek a judgment setting aside and annulling such standards and tests as arbitrary and capricious, and without rational relationship to the duties and functions of police officers. They also allege that the standards and tests constitute an arbitrary and unlawful barrier to employment of women as municipal police officers in violation of the Fourteenth Amendment of the Constitution of the United States, title VII of the Civil Rights Act, and section 296 of the Executive Law. Respondents cross-move for dismissal of the petition pursuant to CPLR 3211 (subd [a], pars 3, 5, 7) in that petitioners do not have legal capacity to maintain this proceeding; the causes of action brought pursuant to article 78 are time-barred, and the petition fails to state facts that would entitle them to any relief.
*290 Respondent Municipal Police Training Council (MPTC) is a body within the Division of Criminal Justice Services composed and exercising the powers and duties set forth in sections 839 and 840 of the Executive Law. Section 58 of the Civil Service Law and subdivision 2 of section 840 of the Executive Law authorize MPTC to prescribe height, weight and physical fitness requirements for municipal police officers. Prior to January 1, 1974, this statutory authority pertained only to male police officers and MPTC adopted and maintained an allowable minimum height requirement of 5 feet, 7 inches. Both the Executive and the Civil Service Laws were amended by chapter 66 of the Laws of 1973, effective January I, 1974, and MPTC’s statutory responsibility for promulgating new standards was extended to apply to both male and female police officers. In order to avoid the imposition of standards and qualifications which might disproportionately disqualify members of a protected class, such as race, color, religion, sex or national origin, MPTC promulgated amendments on April II, 1974 which eliminated an absolute minimum height requirement and substituted for it a system whereby a weighted score on tests of physical fitness is multiplied by a weighted score for height resulting in a composite score which must exceed a minimum qualifying level. Thereafter, on October J.0 and 29, 1974 MPTC agreed to meet with representatives of petitioner New York State Association of Chiefs of Police and certain of the other petitioners to discuss certain objections to the standards promulgated April 11, 1974, and while MPTC approved certain changes in the medical and physical fitness requirements, it rejected any attempt to restore the standards that existed prior to April 11, 1974, including an absolute minimum height requirement of 5 feet, 7 inches.
It is clear that in prescribing the height, weight and physical fitness requirements for police officers respondent MPTC acted pursuant to the statutory authority with which it was vested (Civil Service Law, § 58; Executive Law, § 840, subd 2, as amd by L 1973, ch 66). As police chiefs and police commissioners petitioners now seek to challenge the validity of the statutes in question as well as the actions taken by respondent MPTC pursuant thereto. Since petitioners have not shown that they are personally aggrieved by the actions and statutes complained of they would lack standing to maintain this proceeding as citizen-taxpayers. (St. Clair v Yonkers Raceway, 13 NY2d 72; Matter of Posner v Rockefeller, 33 AD2d 314, affd *291 26 NY2d 970; Matter of Bell v Levitt, 44 AD2d 742.) Nor does the fact that petitioners are police officials give them standing to bring the instant proceeding. For a public body or official to challenge a State statute it must be shown that there is some deprivation of due process or equal protection of the law, and such is not the situation here. Once the statutes establishing the MPTC, its composition and functions were enacted, and once the minimum standards were established and promulgated by MPTC, there could be no effect on petitioners’ rights as police chiefs or police commissioners. Their duties remained the same thereafter. If the statutes are invalid or the standards unconstitutional petitioners would not be affected as public officers. On the other hand, if the matters under attack in this proceeding are sustained as valid their duties would remain unchanged. Consequently, the court concludes that petitioners have not been deprived of due process, or of equal protection, and therefore, they lack standing as police chiefs and police commissioners to bring this proceeding. (Matter of Posner v Rockefeller, supra.)
The petition is dismissed, and accordingly, it is not necessary to reach the merits.