■ In the Matter of BETTY O. MUKA, Appellant, v ROBERT CORNELL et al., Respondents. In the Matter of BETTY O. MUKA, Appellant, v THEODORE G. STURGIS et al., Respondents.—Appeals from judgments of the Supreme Court at Special Term entered November 5, 1973 and March 13, 1974 in Tompkins County, which, in proceedings pursuant to CPLR article 78, dismissed the petitions. Petitioner appeals from the dismissal of two article 78 proceedings instituted against various officials and employees of the Ithaca City School District. Although both proceedings contain myriad

allegations of wrongdoing on the part of numerous officials, the first proceeding is based mainly upon the charge that the respondent officials acted illegally by permitting Robert Cornell, a grammar school teacher of allegedly uncertain credentials, to conduct a course of study contrary to the Education Law, while the second proceeding essentially charges that respondents acted illegally by offering an experimental method of education, known as the New School, to interested students. Both petitions were dismissed at Special Term on the ground that petitioner had failed to demonstrate injury to herself or her children sufficient to confer standing to sue on the allegations contained in the petition. We agree that the petitions should be dismissed. The first proceeding was instituted while one of petitioner's children was a student in respondent Cornell's class, but the child has by this time completed the class. Although petitioner alleges in the second proceeding that she had applied on behalf of two of her children for admission to the New School, it appears from the record that none of her children have been enrolled in this purely voluntary program. In *Matter of Donohue v Cornelius* (17 NY2d 390) the Court of Appeals considered an application to annul a promotional examination for Sergeant of the State Police by a petitioner who, after commencing suit, passed the test and, by the time the case was reached, had been dismissed from the force for insubordination. The court rejected petitioner's argument that he had a right as a private citizen and taxpayer to maintain the proceeding and found that he had sustained no personal injury as the result of the acts about which he complained. Citing *Schieffelin v Komfort* (212 NY 520), the *Donohue* court stated that it could set aside the act of another branch of government "only in a controversy between litigants where it was sought to enforce personal rights—as distinguished from rights in common with the great body of people—or to enjoin, redress or punish wrongs affecting the life, liberty, or property of an individual litigant" *(Matter of Donohue v Cornelius, supra,* p 397). In a recent case, the Court of Appeals termed the rationale of the opinion in *Donohue* as "broader than required by its facts" *(Matter of Burke v Sugarman,* 35 NY2d 39, 43). In *Burke,* the petitioners, candidates for promotion on an eligible list as the result of passing a civil service examination, alleged that New York City administrative agencies had ignored the applicable list in making certain appointments and designations. In granting standing to the petitioners because "Eligibles on a civil service list from which a position is to be filled are directly and substantially affected by the failure to comply with the law", the court in *Burke* (p 44) specifically distinguished the situation before it from the facts in *Donohue.* The instant proceedings present factual situations similar to that presented in *Donohue* and distinguishable from *Burke.* Because none of petitioner's children have ever been enrolled in the New School, a purely voluntary program, she clearly has no direct or substantial interest in its operation such as would entitle her to standing under the reasoning in *Burke.* Her interest in the New School, if anything, is even more remote than was the interest of the petitioner in *Donohue.* Similarly, since petitioner's daughter is no longer a student in Cornell's course, petitioner has no direct or substantial interest in his competence. A parent, merely by virtue of his status as such, enjoys no general power of supervision over school officials, but must demonstrate some continuing or threatened injury to the interests of his child in particular *(Matter of Shanks v Donovan,* 32 AD2d 1037, 1038). The major thrust of both petitions is an attack upon educational and administrative decisions and policies of the respondents. Complaints pertaining solely to matters within the administrative expertise of

the educational officials involved are not judicially cognizable. In contrast, complaints pertaining to violations of statutory requirements or Board of Regents regulations, e.g., failure to provide required courses of study, would be judicially cognizable after exhaustion of administrative remedies. (See article 17 and section 207 of the Education Law and 8 NYCRR 100.1.) Proper avenues of appeal are available and the parent is constrained to employ them (cf. Education Law, § 310; *Matter of Oliver v Donovan,* 32 AD2d 1036, 1037). Judgments affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.