OPINION OF THE COURT
Bernard L. Reagan, J.
This is a CPLR article 78 proceeding arising out of a curriculum of health education taught by the Tully Central Schools (8 NYCRR 135.3).
Petitioners object to the content of curriculum insofar as it makes reference to condoms and/or contraceptives.
*9 Control and management of education affairs is vested in the Board of Regents and the Commissioner of Education (NY Const, art V, § 4; art XI, § 2; Education Law §§ 207, 305; see, Matter of New York City School Bds. Assn. v Board of Educ., 39 NY2d 111, 116; Matter of Ocean Hill-Brownsville Governing Bd. v Board of Educ., 23 NY2d 483, 485).
The general legislative and constitutional system for the maintenance of public schools secures review by the board of education and, on the State level, by the Commissioner of Education. "The purpose of these provisions 'is to make all matters pertaining to the general school system of the state within the authority and control of the department of education and to remove the same so far as practicable and possible from controversies in the courts.’ (Bullock v Cooley, 225 NY 556, 576-577; see, also, People ex rel. Board of Educ. v Finley, 211 NY 51, 57.)” (James v Board of Educ., 42 NY2d 357, 366; Donohue v Copiague Union Free School Dist., 47 NY2d 440.)
The fact that more than 260 residents of the Tully Central School District petitioned the Board of Education opposing any program that included the use of condoms or contraceptives does not change the legal posture of this lawsuit.
NY Constitution, article XI, § 1 commands "[t]he legislature shall provide for the maintenance and support of a system of free common schools, wherein all children of this state may be educated.” The Constitution places the obligation of maintaining and supporting a system of public schools upon the Legislature.
The Legislature in turn has vested the control and management in the Board of Regents and the Commissioner of Education. The Commissioner of Education has in turn conferred upon local boards of education certain duties and powers.
Pursuant to authority vested in him by the Education Law, in December 1987 the Commissioner of Education promulgated a regulation imposing a duty on boards of education to provide a satisfactory program in health education. (Education Law §§ 207, 803, 804-a, 3204 [3].) Under 8 NYCRR 135.3, all elementary and secondary schools are mandated to provide appropriate instruction concerning AIDS.
The relevant regulation issued by the Commissioner of Education in the instant case is 8 NYCRR 135.3. Section 135.3 was amended by emergency measure in 1987 in response to the *10 catastrophic disease known as acquired immune deficiency syndrome (AIDS), and basically requires that boards of education throughout the State of New York "provide appropriate instruction concerning the acquired immune deficiency syndrome (AIDS) as part of the sequential health education program”. (8 NYCRR 135.3[b] [2].)
The regulation at issue specifically vests the Board of Education with the duty to determine the content of the curriculum of the AIDS instruction program. The Board of Education of the Tully Central Schools, acting within its discretionary powers, determined that such instructions could include reference to condoms.
This however does not mean that the petitioners are barred from a forum to hear their grievance.
The petitioners are challenging the Tully Board of Education on their implementation of the Commissioner of Education’s regulation. Section 310 of the Education Law provides that any party conceiving himself aggrieved may appeal by petition to the Commissioner of Education who is authorized and required to examine and decide the dispute.
The purpose of section 310 of the Education Law is to make all matters pertaining to general school systems of the State within the authority and control of the Department of Education for a hearing or determination by the Commissioner of Education and to remove, so far as practicable and possible, controversies, such as the court has before it today, from the courts (Donohue v Copiague Union Free School Dist., 47 NY2d 440 [1979], supra; Matter of Muka v Cornell, 48 AD2d 944 [3d Dept 1975]).
The petitioners have not exhausted their administrative remedies by appealing to the Commissioner of Education. (Education Law § 310.)
Accordingly, the petition is hereby dismissed.